**DALWORTH–SLURRY SEAL COMPANY, Appellant,**

**v.**

**James L. DAWSON et al., Appellees.**

No. 14506.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 26, 1966.

Edward R. Finck, Jr., Clemens, Knight, Weiss & Spencer, San Antonio, for appellant.

J. Anthony Guajardo, San Antonio, for appellees.

MURRAY, Chief Justice.

This is a venue case. James L. Dawson and William C. Bryant brought this suit in the District Court of Bexar County against Dalworth-Slurry Seal Company seeking to recover for personal injuries allegedly arising out of an automobile collision. Defendant below filed a plea of privilege to be sued in Tarrant County, Texas, the county of its residence, which was controverted by plaintiffs below. After a hearing, the trial court rendered judgment overruling the plea of privilege and defendant has prosecuted this appeal.

Appellant's first contention is that there was no evidence to support the finding that appellant's driver was guilty of negligence which was the proximate cause of the collision and appellees' injuries.

Appellees' controverting affidavit was based solely on Subd. 9a of Article 1995, Vernon's Ann.Civ.St. In their controverting plea appellees adopted their original petition which accused appellant's driver of the following acts of negligence:

"(1) In operating said five-ton truck at a rate of speed in excess of that which a person of ordinary prudence and in the exercise of ordinary care would have operated under same or similar circumstances;

(2) In failing to maintain proper control over the five-ton truck prior to and at the time of the accident.

(3) In failing to observe traffic signals and yielding right of way to Plaintiffs' vehicle.

(4) In failing to make timely and proper application of the brakes on said five-ton truck to stop and avoid the collision." There is absolutely no evidence in the record as to the speed at which appellant's truck was traveling, as to the driver's control or lack of control of the truck he was driving, and no evidence as to whether appellant's driver applied the brakes or failed to apply the brakes. This leaves only the third allegation of negligence, relating to appellant's failure to yield right of way to appellees' automobile. In overruling the plea of privilege, the trial judge impliedly found that appellant's driver failed to observe the traffic sign and yield the right of way to appellees' vehicle.

The collision occurred on January 26, 1965, at Tinker and Duncan Drive, on Kelly Air Force Base, in Bexar County, Texas. Appellant's truck was traveling north on Duncan Drive, and the vehicle occupied by appellees was traveling west on Tinker Drive. There is a yield right-of-way sign for traffic on Duncan at its intersection with Tinker. Appellee James L. Dawson was the only witness who testified at the hearing on the plea of privilege as to the facts surrounding the collision. He testified that the accident took place "right at the intersection" and, at another time, that it occurred "right in the middle of the intersection." Appellee Dawson was a rider in the Ford Pickup involved in the collision, which was going west on Tinker. He was riding on the right side of the pickup, in the cab, and appellant's truck struck this vehicle on the driver's side. Dawson did not see appellant's truck until just a moment before the collision. He did not attempt to say how fast appellant's truck was traveling. He could not say whether the truck stopped at the yield sign or not. He could not say whether the driver of appellant's truck applied his brakes.

Thomas E. Swiney, the driver of appellant's truck, was an employee of appellant, and was in the scope of his employment on that occasion. Swiney was not tendered as a witness and was not made a party defendant. There was no showing as to whether he was employed by appellant at the time of the venue hearing or was available as a witness at that time. Hence, the fact that Swiney did not testify would not impute or give rise to a presumption that his testimony would be adverse to appellant. Smith v. Roberts, Tex.Civ.App., 265 S.W. 2d 915. Appellee Bryant did not testify, although he was the driver of the vehicle in which he and Dawson were riding at the time of the collision. Since Bryant was a party plaintiff and did not testify, under all of the circumstances, it must be presumed that his testimony would be adverse to appellees. 23 Tex.Jur.2d, Evidence, § 104.

The testimony shows nothing more than that the collision occurred, and there is no evidence to show that appellant's driver was guilty of negligence proximately causing the collision and appellees' injuries. Dawkins v. Reeder, Tex.Civ.App., 344 S.W. 2d 730; Smith v. Roberts, supra. There is no evidence as to visibility, lighting conditions, or condition of the weather at the time and place of the collision. We therefore cannot sustain the trial court's implied finding that appellant's driver was guilty of negligence in failing to yield the right of way to the vehicle occupied by appellees.

Appellee Dawson testified that he received injuries in the collision but Bryant did not testify, and there was no evidence offered as to any injury sustained by him. This in itself would be sufficient to require a reversal of the judgment as to Bryant. Saenz v. Hinojosa, Tex.Civ.App., 268 S.W. 2d 476.

Appellant next contends that the court erred in overruling its plea of privilege because there is no evidence that appellant's driver was guilty of negligence in Bexar

County, Texas. The collision occurred within the confines of Kelly Air Force Base, a military reservation. The particular land comprising Kelly Air Force Base was ceded from the State of Texas to the United States of America by proclamation dated September 13, 1918, and Deed of Cession dated April 19, 1921. These instruments have the effect of ceding exclusive jurisdiction over the lands to the United States of America, with the reservation that the State of Texas retains concurrent jurisdiction for the execution of civil or criminal process on the premises. The ceded lands are physically located within the confines of Bexar County. Adams v. Calvert, Tex., 396 S.W.2d 948, discusses to some extent the question here involved. Chief Justice Calvert, speaking for the Supreme Court of Texas, in that case cited Yellowstone Park Transportation Co. v. Gallatin County, 9th Cir., 31 F.2d 644, 645 (1929), "in which it is said that 'after the date of cession, the ceded territory was as much without the jurisdiction of the state making the cession as was any other foreign territory, except in so far as jurisdiction was expressly reserved.' But we do not so hold." The exact question here presented was not involved in that case. Inasmuch as we have herein held that the plea of privilege must be sustained because of the lack of evidence to show negligence on the part of appellant's driver, we do not pass upon the question of whether or not, by establishing the fact that the collision occurred on Kelly Air Force Base, the requirements of Subd. 9a of Art. 1995, Vernon's Ann. Civ.St., were complied with, and is sufficient to show that the collision occurred in Bexar County, Texas.

Appellees have not filed a brief herein.

The judgment of the trial court is reversed and judgment here rendered sustaining appellant's plea of privilege and ordering the cause transferred to Tarrant County, Texas, in compliance with the provisions of Rule 89, Texas Rules of Civil Procedure.