**Jo Ann BRIDGE et vir, Appellants,**

**v.**

**SAM LATTNER DISTRIBUTING COM-PANY et al., Appellees.**

**No. 634.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 13, 1972.

Rehearing Denied Jan. 17, 1973.

5. Holmes, The Path of the Law, 10 Harvard L.Rev. 457, 469 (1897).

Robert E. Ballard, W. James Kronzer, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellants.

Thomas P. Sartwelle, Fulbright, Crooker & Jaworski, Houston, for appellees.

SAM D. JOHNSON, Justice.

This is a personal injury case arising from a rear-end collision which occurred on North Loop West in Houston, Texas during the morning rush hour traffic of October 1, 1968. Appellant, Jo Ann Bridge, was the driver of the automobile which was struck from the rear by appellees' tractor-trailer. An interlocutory default judgment was entered against George Cook, Jr., the driver of the tractor-trailer, and damages were assessed in the sum of $5,000.

Trial against Sam Lattner Distributing Company and Sam Lattner individually, appellees here, was to a jury which answered all special issues adversely to plaintiff-appellants. Specifically the jury refused to find (1) that Cook was following too closely; (2) that he failed to make a proper application of brakes; (3) that he failed to maintain a proper lookout; or (4) that he was a reckless and incompetent driver. An unavoidable accident instruction was contained in the court's charge. From a take-nothing judgment as against Sam Lattner Distributing Company and Sam Lattner individually, plaintiffs, Jo Ann Bridge and her husband, have perfected this appeal.

The collision in question occurred on October 1, 1968, while appellant, Mrs. Jo Ann Bridge, was driving to work on a multi-lane freeway known as North Loop West in Houston during a peak traffic period. Mrs. Bridge was proceeding in a westerly direction with her radio on and the car windows rolled up because of the coolness of the temperature outside. She testified that she was traveling in the second lane from the guard rail at approximately 50–55 miles per hour, with cars on both sides of her but none in front. While she was so positioned an automobile on her right and somewhat ahead of her suddenly had a tire blowout and swerved one or two feet into her lane. Mrs. Bridge applied her brakes, slowing her car to approximately 20–30 miles per hour. The crippled car regained its lane, and as Mrs. Bridge began to accelerate again, her car was immediately struck four or five times from the rear by appellees' truck. Mrs. Bridge testified that she never saw appellees' truck prior to impact and she could not impart any information regarding its speed or position. Plaintiff-appellants were not able to locate the driver of the truck, George Cook, Jr., to obtain his description of the occurrence and he did not testify. Other than the plaintiff, Jo Ann Bridge, no eyewitness testified.

■ Appellants urge that the great weight and overwhelming preponderance of the evidence is contrary to the jury's answers to Special Issue No. 1, following too closely or, alternatively, to Special Issue No. 5, failure to keep a proper lookout. The question presented by such an attack is whether, considering all of the evidence, the jury's answers to either or both of these two issues are so against the overwhelming weight and preponderance of the evidence as to be clearly wrong, manifestly unjust or shocking to the conscience. As stated in Bardwell v. Anderson, 325 S.W. 2d 929, 935–936 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.):

"The question now arises as to whether the jury's answers to these issues are so against the overwhelming weight and preponderance of the evidence as to be clearly wrong or manifestly unjust. In determining this matter, we must consider the whole of the record, both that which is favorable to the verdict and that which militates against it. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Dyer v. Sterett, Tex.Civ.App., 248 S.W.2d 234; Continental Bus System, Inc. v. Biggers, Tex.Civ.App., 322 S.W.

**340**

2d 1. We may not substitute our judgment for that of the jury merely because we might, on the evidence, have reached a different conclusion. We may not set aside the jury findings unless we are impressed from a consideration of all the testimony that such findings are so against the overwhelming weight and preponderance of the evidence as to be clearly wrong, manifestly unjust, or shocking to the conscience."

Both counsel for the appellants and for the appellees resort to Justice W. St. John Garwood's article The Question of Insufficient Evidence on Appeal, 30 Texas L. Rev. 803, 811–812 (1952), in which the basis for setting aside jury findings is articulated:

"They (Courts) say the verdict may be set aside and a new trial granted when the preponderance of evidence against the verdict is 'such as to shock the conscience', 'so as to be clearly unjust', 'to clearly indicate bias', such that a court would 'have to go blind' to accept it and so on—by the dozen. I suppose the idea of rather obvious improper or incorrect motive is the best way to put it . . . I suppose the Court might first ask itself, 'Would we as a jury have reached the same verdict'? If the answer is yes, obviously the verdict stands. If no, the next—and more nebulous but doubtless proper—question is, 'Would we, as a jury, have to have been actuated by prejudice, sympathy or other incorrect motive in order to reach such a verdict, and, if so, why? The subjective approach to the matter seems in order, since on this fact question the inquiry is not what 'reasonable minds' might have done."

■ We have considered this case in the light suggested by Justice Garwood and can only conclude that the jury's answers, of which appellants complain, are not clearly wrong, manifestly unjust or shocking to the conscience.

■ Appellants attempt to buttress their position by submitting authorities which allegedly establish a "circumstantial inference of negligence" in rear-end collision cases. Those cited cases, however, suggest only that a fact question as to the existence of negligence is presented when a following vehicle strikes a preceding vehicle. E. g., Boddy v. Canteau, 441 S.W.2d 906 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.). Even if a circumstantial inference of negligence in the present circumstance was found such an inference would not justify this Court in overturning the jury's verdict on great weight grounds. Negligence on the part of the driver of appellees' truck was an issue to be determined by the jury. We are persuaded that the jury's determination of the negligence issues does not ignore the overwhelming preponderance of the evidence.

As appellees note the jury argument of appellees' counsel is not evidence and, if it did submit an excuse for the driver's conduct, such excuse is not now a factor in resolving the negligence issues. Cases cited by appellants which turn on or discuss excuses proffered to justify defendants' conduct are therefore inapposite.

■ The only evidence available to substantiate appellants' allegations on appeal is found in the testimony of Mrs. Bridge herself and appellees' witness, the investigating police officer. Mrs. Bridge's testimony established that the car which suffered a blowout swerved into her lane at least one or two feet and that this motion was quite sudden and totally unexpected. Mrs. Bridge's statement made to Officer Dwyer subsequent to the accident declared that the swerving car "cut in front of me." In addition, her deposition testimony characterized her application of her brakes as "hard". While on the stand she first related that she made a "medium" application of brakes. When pressed she changed this to "medium hard" and, when shown her deposition testimony, she conceded that she had applied her brakes hard. This act re-

duced her speed from 50–55 miles per hour to, by her estimate, as low as 20 miles per hour. These evidentiary items tend to countermand her theory of the accident. They also weigh on her credibility, and the jury was entitled to disregard a less than consistent, uncorroborated version of the collision offered by a party to the suit. See Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1942).

Appellants suggest that appellees' driver could observe the pre-collision events as well as could Mrs. Bridge and they attach significance to the fact that no vehicles collided with the rear of appellees' truck. These speculations assume necessary facts which are not found in the record. Furthermore, we think that the probative effect, if any, generated by the driver's failure to testify is insubstantial when contrasted to the disputed account of the accident and the uncorroborated and equivocal character of Mrs. Bridge's testimony.

 Counsel for appellants argue strongly that one of the most unconscionable aspects of the result in this case is the fact that the defendant truck driver was not available to testify to even a "lame excuse". The inability of appellants to locate the driver in order to obtain his testimony has undoubtedly multiplied appellants' difficulties since Mrs. Bridge never saw the truck prior to the collision and thus could not describe the truck driver's conduct. While this is an unfortunate circumstance it cannot be regarded as a valid consideration in determining whether the jury's answers were against the weight of the evidence. It is true that the failure of a litigant (or his agent) to testify in rebuttal of the other party's version of an occurrence normally justifies an inference that his testimony would not have strengthened his case. American General Ins. Co. v. Nance, 60 S.W.2d 280 (Tex.Civ.App.—Dallas 1933, writ ref'd). However, this inference does not arise in a case where the employee or agent of the defendant employer is no longer employed by the defendant. Dalworth-Slurry Seal Company v. Dawson, 408 S.W.2d 254 (Tex.Civ.App.—San Antonio 1966, no writ). In the instant case testimony indicates that George Cook, Jr., the driver of appellees' truck, was not in their employ at the time of the trial and had not been for approximately two years.

Because the jury's responses to the issues of following too closely and failure to keep a proper lookout are not in derogation of the overwhelming preponderance of the evidence, the judgment of the trial court must be affirmed.

Affirmed.

COULSON, J., not participating.