**Rebecca T. MEJIA, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

**No. 1370.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 3, 1976.

Rehearing Denied Dec. 1, 1976.

Henry V. Sanchez, Sanchez, Salinas & Associates, Houston, for appellant.

Roy Murphy, III, Mike Phillips, Mark T. Price, Boswell, O'Toole, Davis & Pickering, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This is a workmen's compensation case.

Rebecca T. Mejia (Mejia or appellant) filed suit against Liberty Mutual Insurance Company (appellee) to recover workmen's compensation benefits for an injury she sustained while an employee of Nugrape Suncrest Bottling Company. In response to the first of 10 submitted special issues, the jury failed to find that the plaintiff's injury was received in the course of her employment. The other nine special issues were not answered. The trial court entered a judgment that plaintiff take nothing, and she has perfected this appeal.

Mejia testified that her primary duty at the Nugrape Suncrest Bottling Company was as a bottle inspector. She stated that on July 30, 1971, as she was bending down placing a crate or case on the floor, she was struck on the head by something. Although she did not lose consciousness, she suffered extreme pain and her vision became blurred. By feeling the object she determined that it was a broom that had struck her. She does not know how the broom came to strike her. She was taken immediately to a doctor's office for treatment. She never returned to her job with Nugrape and was out of work for about two years.

Construing appellant's first point of error liberally, we interpret it to be an assertion that some of the explanatory instructions that accompanied Special Issue No. 1 were improper. Special Issue No. 1, inquiring whether appellant's injury was received in the course of her employment, was accompanied by a number of instructions and definitions, including the following:

If the employee voluntarily turns aside from the duties of her employment and willingly engages or participates in an act of horseplay or practical joking, an injury resulting from such act is not in the course of employment.

An injury is not in the course of employment if it is caused by the act of another person intended to injure the employee because of reasons personal to the employee and not directed against her as an employee or because of her employment. An injury caused by the employ-

ee's willful intention to injure some other person is not in the course of employment, unless the injury results from a dispute arising out of the employee's work or the manner of performing it and the employee's acts growing out of such dispute are done in a reasonable attempt to prevent interference with the work or in reasonable self-defense.

In essence, appellant's contention is that there was no evidence to support the giving of such instructions.

■ Prior to its amendment in 1973, Tex.R.Civ.P. 277 authorized explanatory instructions only when they were "*necessary* to enable the jury to properly pass upon and render a verdict on such issues." *See Pittsburg Coca-Cola Bottling Works v. Ponder,* 443 S.W.2d 546 (Tex.Sup.1969); *Boaz v. White's Auto Stores,* 141 Tex. 366, 172 S.W.2d 481 (1943) (emphasis added). That Rule now provides that "[i]n submitting the case, the court shall submit such explanatory instructions and definitions as shall be *proper* to enable the jury to render a verdict . . . ." (emphasis added). We think an instruction or definition is "proper" if it finds support in any evidence of probative value or the reasonable inferences that may be drawn therefrom, and if it might be of some aid or assistance to the jury in answering the issues submitted. *cf. Mobil Chemical Co. v. Bell,* 517 S.W.2d 245, 256 (Tex.Sup.1974); *Union Oil Co. v. Richard,* 536 S.W.2d 955 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.); *First State Bank & Trust Co. v. George,* 519 S.W.2d 198 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.).

In the instant case appellant was the only person who testified regarding the incident itself. She testified that as she was bending down looking at something on the floor, she was struck on the head by a broom. Her descriptions of the broom that struck her varied, however, at one point she stated that it was a "regular household broom." When asked how the broom struck her, she consistently stated that she did not know because she was bending down. At one point, however, she did state that the broom

"came from a distance." She stated that a particular fellow employee was childlike and irresponsible, although she denied quarreling or engaging in horseplay with him prior to her injury. She testified that the broom struck her with such force that she was "almost completely blind" temporarily, and had intense pain and dizzy spells for many months afterward.

■ Based on the above evidence, it is a reasonable inference that the broom that struck appellant was wielded or thrown by a third person. Therefore, the trial court's instructions relating to horseplay and injury caused by the act of another were proper. Appellant's first point of error is overruled.

Appellant's second and third points of error assert that the evidence conclusively established that her injury was received in the course of her employment and that the jury's answer to Special Issue No. 1 was against the great weight and preponderance of the evidence. Appellant argues that the appellee's failure to produce evidence in rebuttal of her testimony necessitates a finding in her favor. We disagree.

■ Appellant's testimony was neither clear, direct, and positive nor free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon. The instant case, therefore, falls within the general rule that the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury. *Cochran v. Wool Growers Central Storage Co.*, 140 Tex. 184, 166 S.W.2d 904, 908 (1942).

■ Appellant relies on cases holding that the failure to produce evidence within a party's control raises a presumption that if produced it would operate against him. *See, e. g., H. E. Butt Grocery Co. v. Bruner*, 530 S.W.2d 340, 343 (Tex.Civ.App.—Waco 1975, no writ). While this is a correct rule of law, it is inapplicable here because there was no showing that there was any evidence within the control of appellee that was not also available to the appellant.

There was no showing that any of those persons who may have been present were still employees of Nugrape Suncrest Bottling Company at the time of trial or were available as witnesses. Therefore, no presumption arises from appellee's failure to produce evidence not shown to have been within the control of appellee. *Dalworth-Slurry Seal Co. v. Dawson*, 408 S.W.2d 254, 256 (Tex.Civ.App.—San Antonio 1966, no writ); *Bridge v. Sam Lattner Distributing Co.*, 489 S.W.2d 338, 341 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.).

■ The jury was entitled to believe that considering its unexplained presence a broom did not strike appellant with such force that she was seriously injured and disabled for many months. Proof that appellant was injured at the hand of a third person would not, in and of itself, have prevented her from recovering. However, the evidence here is too weak for us to hold as a matter of law that the appellant's injury was sustained while she was in the course of her employment. Nor is the jury's answer so against the great weight and preponderance of the evidence as to be manifestly unjust. The judgment of the trial court is affirmed.

Affirmed.