674

Ada E. PAGE, Appellant,

v.

PETE SINGH PRODUCE, INC.,
Appellee.

No. 7107.

Court of Appeals of Texas,
El Paso.

Oct. 21, 1981.

Rehearing Denied Nov. 18, 1981.

Law Offices of Robert E. Kennedy, Robert E. Kennedy and Jess Whittenton, Jr., El Paso, for appellant.

Brewster & Mayhall, Jack L. Brewster, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

OPINION

WARD, Justice.

This is a rear end collision case. The Plaintiff was stopped at a controlled intersection for a red light and her auto was struck in the rear by the Defendant's truck, which skidded on wet pavement. The case was submitted to a jury which failed to find negligence on the part of either driver. Plaintiff appeals from the take nothing judgment presenting evidentiary points regarding the finding as to the conduct of the Defendant's driver. We affirm.

Carolina Drive comes over an overpass for railroad tracks as it approaches a controlled intersection with Alameda Street. Plaintiff, Ada Page, was in her Lincoln automobile on Carolina Drive and was stopped in obedience to the red traffic sig-

nal at Alameda. She stopped approximately eighty-five feet from the intersection, as five or six cars were in front of the Plaintiff waiting for the light to change. It was raining lightly. Ruben Morales was employed as the truck driver for the Defendant, Pete Singh Produce, Inc. Morales was returning from a delivery of produce and according to him, he was driving about thirty to thirty-five miles per hour on Carolina Drive. Further, according to his testimony, his speed decreased to twenty or twenty-five miles an hour when he reached the top of the overpass. At this point, according to him, he saw the Plaintiff's car stopped in the line of traffic and he immediately applied his brakes. Although the brakes functioned, the truck continued to slide until it collided with the rear of the Plaintiff's car, causing the Plaintiff to be injured.

The Plaintiff alleged that the Defendant's driver was negligent in three particulars: in failing to keep a proper lookout, in driving at an excessive rate of speed under the circumstances then existing, and in failing to make timely application of the brakes of the vehicle that he was operating. The case was submitted to the jury under a general question which inquired as to whose negligence, if any, proximately caused the occurrence in question, the question being directed to the actions of the two drivers. The jury answered "Neither." By her first Five Points and by different manner, the Plaintiff now attacks the finding of the jury and the judgment of the Court as being incorrect on grounds that as a matter of law the Defendant's driver failed to keep a proper lookout, drove at an excessive speed, and failed to properly apply the brakes, each being a proximate cause of the collision.

The Defendant challenges our consideration of these "no evidence points" because the subject matter of these complaints was not raised by the Plaintiff, either during the trial or in the Plaintiff's motion for new trial. The Defendant's argument is that the trial Court never had an opportunity to consider and act upon the complaint; that raising the complaint for the first time on appeal is contrary to the spirit of Rule 324, Tex.R.Civ.P., and, as a consequence, the Plaintiff has waived her "no evidence" points.

We will consider these "no evidence points" even though they are raised for the first time on appeal. Under the January 1, 1978, amendment, Rule 324, Tex.R.Civ.P., provided in its first sentence that: "A motion for new trial shall not be a prerequisite to the right to complain on appeal, in any jury or non-jury case." The third sentence then stated, "Notwithstanding the foregoing, it shall be necessary to file a motion for new trial in order to present a complaint which has not otherwise been ruled upon." Relying on the third sentence, this Court held in *Brook v. Brook*, 586 S.W.2d 927 (Tex.Civ.App.—El Paso 1979, no writ), that a motion for new trial was required in a non-jury trial as an appellant predicate to complain that there was no evidence, insufficient evidence, or that the judgment was against the overwhelming preponderance of the evidence, when such issues were not ruled upon during the trial of the case. That decision was then disapproved by the Supreme Court in *Howell v. Coca-Cola Bottling Company of Lubbock, Inc.*, 599 S.W.2d 801 (Tex.1980). Under Rule 324, Tex.R. Civ.P., as now amended, effective January 1, 1981, the sentence, "Notwithstanding the foregoing, it shall be necessary to file a motion for new trial in order to present a complaint which has not otherwise been ruled upon," has now been eliminated. That being the case, we fail to see where in either a jury or non-jury trial that a "no evidence point" must be presented to the trial Court during either the trial or on motion for new trial, for it to be preserved for consideration on appeal. Whether an appellant would be entitled to a rendition is another matter however, and not before us due to our disposition of the points under consideration. *See, J. Weingarten, Inc. v. Razey*, 426 S.W.2d 538 (Tex.1968); Appealing Jury Findings, O'Connor, 12 Hous.L. Rev. 65 at 71.

■ Only the Plaintiff, the Defendant's driver, and the investigating officer testi-

fied as to the events which occurred or the evidence at the scene of the accident. The Defendant's driver testified that when he reached the top of the overpass his speed was twenty to twenty-five miles per hour, that he immediately saw the Plaintiff's car, which was only a short distance in front of him, and he applied his brakes; that the brakes functioned but he skidded on the wet road into the rear of the Plaintiff's car; that he could not turn to the left because of the oncoming traffic nor turn to the right because of the curb. He estimated he was only going about ten miles per hour when he collided with the rear of the Plaintiff's automobile. It was undisputed that the Plaintiff was stopped some five or six cars back of the intersection, and that her car was hidden under the crest of the overpass. There was no evidence introduced as to the length, if any, of the truck skid marks and no actual measurement was made as to the distance from the top of the overpass to the point of impact. Both drivers testified that the danger occurred very suddenly. In reviewing the legal sufficiency points, we have considered only the evidence and the inferences arising therefrom which support the jury finding and having done so, the first Five Points are overruled.

Next the Plaintiff presents three "against the great weight and preponderance of the evidence points" as to the jury's general finding of no negligence as that finding relates to the evidence on proper lookout, speed, and application of brakes. The Plaintiff's argument under these points, in the main, depends upon the testimony of the investigating officer, who testified that she stepped off the distance from the intersection and found that the distance back to the point of impact was eighty-five feet. She then estimated the distance from the intersection to the top of the overpass as being three hundred feet. The Plaintiff argues that the Defendant's driver was obviously familiar with the neighborhood and the intersection and he knew or should have known that traffic might be backed up, which he could not see until he crested the hill and that he should have slowed before reaching that point.

Using the officer's testimony, the Plaintiff then argues that the driver had at least two hundred and fifteen feet from the top of the hill to observe the Plaintiff's car. Under that reasoning, the driver was either going too fast or failed to see the Plaintiff's car until it was too late. The problem with the Plaintiff's argument is twofold. There is no testimony that the Defendant's driver had ever driven in the vicinity of the accident before. The Plaintiff did not question the driver about his knowledge of the neighborhood. In the second place, no one actually measured the distance from the intersection back to the top of the overpass. The investigating officer made her estimate based on her recollection of the scene after more than two years had passed. The jury, having considered the absence of an accurate measurement, then apparently gave little credence to the officer's recollection. Obviously, they chose to believe the version offered by the Defendant's driver that when he was able to see the Plaintiff's car, he was only twenty to twenty-five feet from it, and that he immediately applied his brakes.

Having considered all of the evidence, we conclude that the jury finding was not against the overwhelming weight and preponderance of the evidence as to be clearly wrong, unjust or shocking to the conscience. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951); *Bridge v. Sam Lattner Distributing Company*, 489 S.W.2d 338 (Tex.Civ.App.—Houston [14 Dist.] 1972, writ ref'd n. r. e.). The three points under consideration are overruled.

In view of our disposition of the case, we do not reach the Defendant's cross point. The judgment of the trial Court is affirmed.