Joseph VASQUEZ and Guilda Vasquez, Individually and as Next Friend of their Minor Child, Kraig Vasquez, Appellants,

v.

SIX FLAGS HOUSTON, INC., d/b/a Waterworld, and Ray Hedden, Individually, Appellees.

No. 06–02–00107–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 28, 2003.

Decided Oct. 21, 2003.

Mark A. Rubal, Rubal & Hamm, Houston, for appellant.

Craig S. Wolcott, Hays, McConn, Price & Pickering, Houston, for Pro Slide Technologies.

Jay D. Hirsch, Hirsch Robinson, PC, Houston, for U.S. Aqua Sports, Inc.

Matthew F. Wymer, Jones, Kurth, Andrews & Ortiz, PC, San Antonio, Kip Patterson, Caldwell & Patterson, LLP, Houston, for Six Flags Houston d/b/a Waterworld, et al.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

### I. INTRODUCTION

Kraig Vasquez was injured during a test ride of the "Big Kahuna" while employed as a lifeguard by Six Flags Houston, Inc., d/b/a Waterworld. During this test ride, seven or eight employees rode in a tube which, as many of the tubes did, had missing or damaged handles. At some point during the ride, another rider fell on top of Vasquez, causing Vasquez to suffer a broken neck. The other lifeguards sought assistance from Ray Hedden, who was a "lead guard," charged with providing supervision, instruction, and necessary medical equipment for their duties. For an undetermined reason, Hedden did not render aid to Vasquez. Instead, the other guards took Vasquez to the first-aid facility without the use of a backboard or other medical equipment. At the first-aid facility, the guards called an ambulance to transport Vasquez to a hospital.

TIG Premier Insurance, Six Flags' insurance carrier, subsequently denied worker's compensation benefits to Vas-

quez, concluding the injury was a product of Vasquez' engaging in horseplay. Vasquez did not challenge this decision or present the matter to the Texas Workers' Compensation Commission (hereafter the TWCC).

Vasquez' parents, individually and as next friends for Vasquez, a minor, filed suit advancing common-law claims against Six Flags and Hedden. Six Flags and Hedden filed for both a traditional summary judgment and a no-evidence summary judgment. *See* TEX.R. CIV. P. 166a, 166a(i). The trial court granted Six Flags' and Hedden's motion for summary judgment and dismissed them from the suit, making no explicit findings as to the whether the Texas Workers' Compensation Act (TWCA) provided compensation for Vasquez' injury. No record was made of the hearing. Vasquez timely filed his notice of appeal.

This appeal challenges the summary judgment rendered in favor of Six Flags, barring Vasquez' common-law claims of negligence and intentional acts. Traditionally, the exclusive remedy provision of the TWCA has acted as a bar to all suits in negligence. However, recent Texas Supreme Court decisions have indicated that the nature of the injury, that is, whether it is compensable under the TWCA, may determine whether the employer enjoys the TWCA's protection from a negligence suit. The Texas Supreme Court specifically did not decide whether the TWCA bars a worker incurring a noncompensable injury from pursuing a negligence claim against the employer. We hold that the summary judgment evidence establishes as a matter of law that Vasquez was acting within the course and scope of his employment when the injury occurred. There is no evidence

to support the argument he was involved in horseplay. Consequently, the accident was covered by the employer's workers' compensation policy, and it is the exclusive remedy for this injury.

## II. STANDARD AND SCOPE OF REVIEW

In a traditional motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Id.* at 548–49. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Id.* at 549.

A trial court properly grants a no-evidence motion for summary judgment if the movant specifically sets forth elements of the nonmovant's claim for which there is no evidence and the nonmovant fails to bring forth more than a mere scintilla of probative evidence to raise a genuine issue of fact. TEX.R. CIV. P. 166a(i); *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.-San Antonio 1998, pet. denied). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise of suspicion' of a fact." *Lampasas v. Spring Ctr., Inc.*, 988 S.W.2d 428, 432 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

## III. EXCLUSIVITY OF TWCA

The TWCA provides the exclusive remedy for employees' injuries sustained in the course of their employment.[1] TEX. LAB.

---

1. As we will discuss, the Texas Supreme Court proposes the qualification "at least if the injuries are compensable under the Act."

CODE ANN. § 408.001(a) (Vernon 1996). Some injuries, although sustained in the course and scope of employment, are not compensable. *Id.* Among these types of noncompensable injuries is an injury sustained when "the employee's horseplay was a producing cause of the injury." TEX. LAB.CODE ANN. § 406.032(2) (Vernon 1996).

Based on the exclusive remedy rule of Section 408.001(a), the trial court's order granting summary judgment barred Vasquez from bringing forth causes of action against Six Flags and Hedden, individually. In his sole point of error, Vasquez contends the trial court erred in granting Six Flags' motion for summary judgment on both issues of the intentional conduct claim and the negligence claim.

## IV. INTENTIONAL CONDUCT

■ Causes of action for intentional injuries are guaranteed to employees by the Open Courts Clause of the Texas Constitution and cannot be taken away by the Legislature. TEX. CONST. art. I, § 13. In order to recover under this theory, Vasquez must show that Six Flags and Hedden intentionally caused the injury to Vasquez. *See Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411 (Tex.1989). "Intent" means that the actor desired to cause consequences of his or her act or believed that the consequences are substantially certain to result therefrom. *Id.* at 412. With regard to intentional torts, the Texas Supreme Court has made clear that the distinguishing feature of an intentional tort is "the specific intent to inflict injury." *Reed Tool Co. v. Copelin,* 689 S.W.2d 404, 406 (Tex.1985). Intentional failure to provide a safe workplace does not rise to the level of intentionally injuring except when the employer believes his or her conduct is substantially certain to cause the injury. *Id.*

Vasquez admitted that neither Six Flags nor Hedden required him to perform the safety check on the water ride. In fact, Vasquez testified he was asked if he wanted to get on the ride. Further, Vasquez admitted he rode in the tube despite having noticed that this particular tube did not have the proper handles on it. He also acknowledged that more than the recommended number of riders participated in this ride.

The facts in this case eliminate the proposition that Six Flags' or Hedden's intentional conduct was the cause of Vasquez' injury. Additionally, after a reasonable time for discovery, Vasquez failed to produce more than a scintilla of probative evidence that Six Flags or Hedden acted or failed to act with the requisite specific intent to cause the injury to Vasquez. Therefore, on the intentional act theory of recovery, judgment in favor of Six Flags and Hedden was proper as a matter of law.

## V. NEGLIGENCE ACTION

Vasquez suffered a neck injury while performing a test ride as an employee. Summary judgment evidence established that Six Flags was a subscriber to the TWCA. Traditionally, in the absence of evidence establishing intentional conduct by Six Flags, this evidence would have been sufficient to prove as a matter of law that the TWCA's exclusive remedy provision bars Vasquez' suit. However, recent decisions by the Texas Supreme Court have created uncertainties in the application of this rule, especially on the facts before us in this case.

### A. Historical Background

The workers' compensation system was designed to provide the employee with

*Walls Reg'l Hosp. v. Bomar,* 9 S.W.3d 805, 806 (Tex.1999).

prompt remuneration for loss of earning capacity and medical care without having the burden of showing the employer's negligence. *See Paradissis v. Royal Indem. Co.*, 507 S.W.2d 526, 529 (Tex.1974). In return, the employer enjoys protection from suits seeking compensation for injuries caused by the employer's negligence. *See Reed Tool Co.*, 689 S.W.2d at 407.

For years, Texas courts have relied on the exclusive remedy provision of the TWCA to bar injured employees' negligence causes of action against their employers. *See Middleton v. Tex. Power & Light*, 108 Tex. 96, 107, 185 S.W. 556, 559 (1916). The well-established rule was that, regardless of the compensability of the work-related injury sustained, the employer could not be sued for negligence. In fact, for decades, several cases have applied the rule barring negligence suits for bodily injuries sustained in the course and scope of employment, even when the injury sustained may not be compensable under the law:

> Our Courts are fairly uniform in holding that in view of this provision, the remedy given by the Workmen's Compensation Law is exclusive and that the employee has no right of action against his employer on account of bodily injuries sustained in the course or scope of the employment (except for injuries resulting from an intentional or willful act of the employer), *even though the injury complained of may not be compensable under the Workmen's Compensation Law.*

*Lotspeich v. Chance Vought Aircraft*, 369 S.W.2d 705, 708 (Tex.Civ.App.-Dallas 1963, no writ).

## B. Recent Developments: *Bruce* and *Bomar*

Only recently have Texas cases suggested the possibility that an employee could sue an employer for negligence for an injury sustained in the course and scope of employment, but otherwise not compensable. *See Walls Reg'l Hosp. v. Bomar*, 9 S.W.3d 805, 806 (Tex.1999); *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 609 (Tex.1999).[2]

In *Bruce*, this Court held that the TWCA did not bar actions for intentional infliction of emotional distress, concluding such intentional acts of a supervisor are imputable to the corporation. *GTE Southwest, Inc. v. Bruce*, 956 S.W.2d 636, 639 (Tex.App.-Texarkana 1997), *aff'd*, 998 S.W.2d at 620. The Texas Supreme Court affirmed our decision that the TWCA did not bar the action, but employed a somewhat different rationale, holding that the employees' injuries were not compensable under the Act. *Bruce*, 998 S.W.2d at 611. Since the distress was not caused by a specified event, but rather by a product of a series of events over two and one-half years, the Texas Supreme Court held that the TWCA did not provide compensation for the injury and, therefore, the TWCA did not bar the employee's actions. *Id.* Rather than relying on the express exception in the TWCA that allows an employee to sue an employer for intentional acts, the court instead relied on the compensability issue. In essence, the Texas Supreme Court held that the mental and emotional injuries were suffered over a series of events at different times and, therefore, did not qualify as an "injury" as defined by the TWCA. Additionally, it is noteworthy that the conduct at issue in *Bruce* was

---

2. *See* Raymond A. Cowley, *Mixed Blessings: The Texas Supreme Court's Comments on the Availability of the Workers' Compensation Defense in Employment Tort Cases*, 61 Tex B.J.

470 (2003) (discussing the potential impact of a noncompensability exception to the exclusive remedy rule).

entirely intentional, even though the court did not rely on such a rationale.

Soon after issuing the *Bruce* opinion, the Texas Supreme Court considered whether hospital employees who had been sexually harassed by a staff physician could sue their employer for *negligently* allowing the physician staff privileges. *Bomar*, 9 S.W.3d at 806. In *Bomar*, nurses working at Walls Regional Hospital sued their employer, alleging the hospital failed to provide them with a safe place to work and *negligently* hired and credentialed Dr. George Boyett, despite their repeated complaints of his sexual harassment of them. *Id.* The hospital moved for summary judgment, urging that the employees' action was barred by the TWCA. The trial court granted this motion. *Id.*

Employees successfully argued to the Tenth Court of Appeals that the hospital failed to establish as a matter of law that the plaintiffs' injuries occurred in the course and scope of their employment so as to fall under the TWCA's exclusive remedy provision. *Bomar v. Walls Reg'l Hosp.*, 983 S.W.2d 834, 842 (Tex.App.-Waco 1998), *rev'd*, 9 S.W.3d at 808. The Waco Court of Appeals concluded that fact issues remained concerning whether Boyett's harassment was compensable or whether it fell under the personal animosity exception to TWCA coverage. *Id.* To answer this, the evidence must establish whether Boyett harassed the nurses for personal reasons unrelated to work. *Id.* at 839.

The Texas Supreme Court, agreeing with the trial court's summary judgment, reversed the court of appeals' decision and rendered judgment in favor of the hospital. *Bomar*, 9 S.W.3d at 808. The court noted that the TWCA provides the exclusive remedy for employees' injuries sustained in the course and scope of their employment, *at least if the injuries are compensable under the Act. Id.* at 806 n. 4 (citing *Bruce*, 998 S.W.2d at 620). The court pointed out that, under some circumstances, injuries that occur in the course and scope of employment may still be noncompensable. *Id.* at 806–07. Specifically, it addressed the personal animosity exception, disallowing compensation under the TWCA if the injury "arose out of an act of a third person intended to injure the employee because of a personal reason and not directed at the employee as an employee or because of the employment." TEX. LAB.CODE ANN. § 406.032(1)(C) (Vernon 1996); *see Bomar*, 9 S.W.3d at 807.

The court in *Bomar* concluded the hospital established as a matter of law that the personal animosity exception did not apply to the nurses' injuries. *Bomar*, 9 S.W.3d at 807. In fact, the summary judgment record established the contrary: that the incidents of sexual harassment occurred while the plaintiffs were performing their jobs and while Boyett was performing his. *Id.* The record contained no evidence Boyett ever harassed the nurses outside the workplace. *Id.* Rather, the harassment occurred only at the hospital. *Id.* That is, the conditions attached to the workplace acted as factors in bringing about the "catastrophic combination" leading to the injury. *Nasser v. Sec. Ins. Co.*, 724 S.W.2d 17, 19 (Tex.1987). The plaintiffs' affidavits describing the interaction with Boyett as "having nothing to do with my work" and occurring for "reasons that were personal" to Boyett were conclusory and insufficient to raise a fact issue, making summary judgment for the hospital proper since it established as a matter of law that the nurses' injuries did not fall within the personal animosity exception. *Bomar*, 9 S.W.3d at 807.

The court concluded that the injuries occurred in the course and scope of employment, that they did not fall within the personal animosity exception, and that

they were compensable under the TWCA. *See id.* at 807–08. The hospital, therefore, was protected from this negligence suit under the TWCA's exclusive remedy rule. *See id.* at 808. The court very specifically stated it was not passing on the issue of whether the TWCA may also bar claims for any noncompensable injuries. *Id.* at 806 n. 4.

## C. Application and Implications

■ The case at bar poses similar issues to this Court. The trial court's summary judgment concluded that Six Flags established as a matter of law the defense of the TWCA as an exclusive remedy and a bar to Vasquez' claims. This Court also must address the horseplay exception, an exception covering different facts, but having the same effect as the personal animosity exception at issue in *Bomar*. *See* Tex. Lab.Code Ann. § 406.032(2). A finding here that the horseplay exception applied would render the injury a noncompensable one in the same way a finding that the personal animosity exception applied would have in *Bomar*.

Here, the trial court did not make an explicit finding on the compensability of Vasquez' injury. However, we find the summary judgment evidence establishes as a matter of law that the horseplay exception is inapplicable.

The workers' compensation insurance carrier is relieved from paying benefits to an injured employee if the injury is caused by the employee's horseplay. Tex. Lab. Code Ann. § 406.032 (Vernon 1996). Horseplay has also been considered as a deviation from the course and scope of employment and, thus, not an injury covered by the Act. *See United Gen. Ins. Exch. v. Brown,* 628 S.W.2d 505, 509 (Tex. App.-Amarillo 1982, no writ); *Mejia v. Liberty Mut. Ins. Co.,* 544 S.W.2d 690, 691 (Tex.App.-Houston [14th Dist.] 1976, no writ); *Tex. Indem. Ins. Co. v. Dunlap,* 68 S.W.2d 664, 666 (Tex.App.-Beaumont 1934, writ ref'd). Several cases have held that, when an employee turns aside from his or her employment and willingly engages in acts such as practical joking, scuffling, or "fooling," the employee is engaged in horseplay. *Mejia,* 544 S.W.2d at 691 (practical joking); *Richardson v. Tex. Employers' Ins. Ass'n,* 46 S.W.2d 439 (Tex. Civ.App.-Beaumont 1932, writ ref'd) (employee kicking another, precipitating a fight).

The summary judgment evidence from the deposition testimony of Vasquez and coworker Jacob Spencer establishes that Vasquez was in the course and scope of employment when the injury occurred. Vasquez testified he was working at the time of the injury for Six Flags Waterworld. The purpose of the lifeguards' riding down the tube before the ride opened was for "basic safety checking." That morning, Vasquez was asked by a lead guard, Aaron Asbrey, if he wanted to conduct the safety test ride. Vasquez further testified the ride began normally, but when they took a turn, the tube went higher than usual. He looked up and saw somebody coming toward him, and he landed on Vasquez' head, at which time he lost consciousness.

Spencer, who also was riding in the tube when Vasquez was injured, testified that part of his job was to inspect the tubes and make sure they were safe for people to ride. This involved riding the tube and determining whether it was operating correctly. There is some testimony by each of them that some of the straps on the ride were missing and that the number of occupants in the ride exceeded recommended capacity. However, this evidence at most is some evidence of negligence on the part of Vasquez, not that he had deviated from his duties and was engaged in horseplay.

## VI. CONCLUSION

We find that Vasquez was performing his duties within the scope and course of his employment at the time of the injury and that he was not engaged in horseplay. The workers' compensation remedy is exclusive, and Vasquez is barred from pursuing a negligence claim against his employer. Further, we find the evidence precludes a finding of intentional action by the employer as a cause of the injury.

We affirm the judgment of the trial court.