Barbara OAKLEY et vir, Appellants,

v.

C. E. DUKE'S WRECKER SERVICE
et al., Appellees.

No. 16882.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 6, 1977.

Rehearing Denied Nov. 3, 1977.

Kronzer, Abraham & Watkins, James Edward Robinson, Robert E. Ballard, Houston, for appellants.

Fulbright & Jaworski, John P. Venzke, Houston, for appellees.

EVANS, Justice.

This is a personal injury action resulting from the plaintiff's vehicle being struck from the rear by the defendants' wrecker truck. On the basis of the jury's finding that the plaintiff was guilty of contributory negligence in stopping her automobile on the freeway and that such negligence was a proximate cause of the accident, the trial court entered a take-nothing judgment against the plaintiff. She appeals.

The accident occurred on the afternoon of November 22, 1971 in the northbound, outside lane of Highway 59, just north of the overpass at F.M.1960, near Humble, Texas. The day was dry and clear. The plaintiff, driving a 1968 Plymouth automobile, was returning to her home in New Caney, Texas. Traveling at a speed of about 45 miles per hour, she passed to the left of the defendants' wrecker and then returned her vehicle to the outside lane of the freeway. As she crossed over the crest of the overpass, she noticed a white pickup truck approaching the freeway from the feeder road on her right. Noting the manner in which the pickup truck was approaching the freeway, she became concerned about whether it was going to observe the yield sign at the entrance to the freeway. She alternately slowed and accelerated her vehicle until she felt compelled to bring it to a stop on the freeway to allow the pickup to enter. She was then struck from the rear by the defendants' wrecker.

In response to special issues the jury found that the defendant wrecker driver had failed to maintain an assured clear distance between his vehicle and that of the plaintiff, that he had failed to use ordinary care in applying his brakes, and that he had failed to keep a proper lookout. The jury also determined that each such omission was a proximate cause of the accident. The jury further found that the plaintiff was negligent in stopping her vehicle on the freeway and that such negligence was also a proximate cause of the accident. The jury determined the plaintiff's damages to be in the amount of $10,000.00.

In two points of error, the plaintiff contends that the jury's findings of contributory negligence and proximate cause are against the great weight and preponderance of the evidence, arguing that the evidence is insufficient to establish any duty on her part to the defendant, or that she failed to exercise ordinary care under the existing circumstances.

█ It has been held that a driver may be justified in stopping his vehicle on a roadway if he acts prudently, as where under existing conditions he is compelled to stop in order to avoid conflict with traffic ahead or to comply with traffic control signals. *LeSage v. Smith*, 145 S.W.2d 308

(Tex.Civ.App.—Fort Worth 1940, writ dism'd judgmt. cor.); *Bass v. Stockton*, 236 S.W.2d 229 (Tex.Civ.App.—San Antonio 1951, no writ); *Gregory v. Roberson*, 478 S.W.2d 262 (Tex.Civ.App.—Houston [1st] 1972, writ ref'd n. r. e.). Under such circumstances it is generally the rule that the driver is not negligent by failing to take radical, evasive action such as swerving to another lane, in order to avoid being struck from the rear by following vehicles. See *Flores v. Anaya*, 348 S.W.2d 410 (Tex.Civ.App.—Austin 1961, writ refused, N.R.E.).

■ There are circumstances under which a duty may exist on the part of the driver to keep a proper lookout to the rear and to give appropriate signals to following traffic. Thus, where a driver suddenly changes lanes, stops or accelerates his vehicle suddenly or without cause, or makes some other maneuver which following vehicles have no reason to expect, a duty may exist to first determine whether the contemplated action can be effected in safety and to give a proper signal of the intended action. *Colom v. Vititow*, 435 S.W.2d 187 (Tex.Civ.App.—Houston [14th] 1968, writ ref'd n. r. e.); *LeSage v. Smith*, supra. The plaintiff, while recognizing the existence of such duty under appropriate circumstances, contends that the evidence in the instant case shows her actions to have been prudent and fully apparent to the defendant driver.

The plaintiff testified that she first noticed the white pickup truck approaching the freeway from the feeder road when she was halfway down the north side of the overpass. It appeared to her that the pickup truck was going too fast and that it might not yield the right-of-way. She said she put on her brakes just enough to slow down, but the pickup truck also slowed, so she accelerated and the pickup accelerated. This process of slowing and acceleration was repeated two or three times, until "finally he pulled out making me stop." She stated that after she noticed the pickup, she had gradually slowed her car to fifteen or twenty miles per hour and that she applied her brakes "much like approaching a red light or something like that."

It is the plaintiff's argument that her testimony concerning her actions was clear, direct and free from contradiction, and that the defendant driver, by his own testimony, admitted that the white pickup truck did not yield the right-of-way and that the plaintiff was required to stop in order to avoid a collision. She contends that the only testimony which might constitute direct evidence that her stop was not gradual and controlled was the defendant's testimony that she had made "a sudden stop". This testimony, she argues, is conclusory, and should be disregarded, particularly when considered in context with the defendant's other testimony.

The defendant driver testified that when he neared the overpass he was driving about 35 miles per hour, and was passed on the left by the plaintiff's vehicle, which was traveling at an estimated speed of 45 miles per hour. There was no other traffic on the road. He saw the white pickup truck approaching the freeway from the feeder road, and he estimated the plaintiff's vehicle to be about two or three car lengths in front of him at that time. The pickup truck was going between fifteen or twenty miles per hour at a steady rate of speed as it approached the freeway. It did not stop at the yield sign, but proceeded to enter the freeway, compelling the plaintiff to stop her vehicle in order to avoid a collision.

"Q What did the blue Plymouth do?
A Make a sudden stop.
Q All right. Tell me what you mean by sudden stop, now.
A She just shut down on her brakes."

In her petition, the plaintiff alleged that she stopped her car on the freeway, and that fact was established without further proof. 2 McCormick & Ray, Texas Evidence § 1144 (2d ed. 1956); *Ogden & Johnson v. Bosse*, 86 Tex. 336, 24 S.W. 798, 801 (1894). The testimony of the defendant driver was sufficiently definite that the jury could have concluded that the plaintiff brought her vehicle to a "sudden stop" on the freeway in front of the defendants' vehicle. *Rash v. Whisennand*, 453 S.W.2d 353 (Tex.Civ.App.—Houston [14th] 1970, writ ref'd n. r. e.).

■ The fact that the plaintiff made a sudden stop in front of the defendants' vehicle does not necessarily establish negligent conduct on her part, but it does constitute some evidence from which negligence may be inferred. *Robertson Tank Lines, Inc. v. Stinson*, 497 S.W.2d 476, 478 (Tex. Civ.App.—Houston [1st] 1973, no writ); *Spencer v. Jernigan*, 507 S.W.2d 307 (Tex. Civ.App.—Texarkana 1974, no writ). Whether the plaintiff's actions were due to want of ordinary care was a matter of factual determination for the jury, tested by the circumstances of the particular case. *Rash v. Whisennand*, supra.

The plaintiff had no independent recollection of having passed the wrecker prior to the collision, and she did not know whether there was any northbound traffic on the freeway when she saw the pickup truck approaching from the feeder road. She noticed the pickup truck approaching the freeway faster than "what I like to see someone approaching a freeway when I'm right on the entrance of it", and it was "coming up pretty fast and didn't seem to be slowing up". The pickup truck seemed to be going faster than she thought it should go, and it didn't look as though it was going to stop. She continued to keep her car in the right hand lane and when she watched the truck, she checked the traffic around her and didn't see anything. It appeared to her that the pickup truck was "fixing to pull out" in front of her, so she slowed her vehicle and and then the pickup truck slowed down. The two vehicles "just kind of went back and forth two or three times and finally he pulled out in front of me making me stop, or at least I was in the process of stopping". She put on her brakes "but not heavy, just enough to slow up to let him know that if he was going to come on through he could go on".

■ The jury could have concluded from the plaintiff's own testimony that she failed to exercise ordinary care in speeding up and slowing down her vehicle at the time the pickup truck was approaching her lane from the feeder road. It was permissible for the jury to infer from the evidence that a person of ordinary prudence would have been aware that she had just passed another vehicle, which was proceeding in her same lane of traffic, and that prudent driving was necessary, both to avoid a collision with the approaching pickup truck, which she perceived as a possible hazard, and with the vehicle which she had just passed. *Hatcher v. Mewbourn*, 457 S.W.2d 151 (Tex. Civ.App.—Texarkana 1970, writ ref'd n. r. e.). She could not simply close her eyes to the dangerous situation developing both in front of her and to the rear. *Smith v. Texas Pipeline Co.*, 455 S.W.2d 346, 349 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.); *DeWinne v. Allen*, 154 Tex. 316, 277 S.W.2d 95 (1955).

Notwithstanding the fact that the plaintiff may have been compelled to bring her vehicle to a stop in order to avoid a collision with the pickup truck, the jury could have determined that she failed to exercise ordinary care in her defensive maneuvers prior to the time that she was required to bring her vehicle to a stop. She admitted that she saw the pickup truck coming up pretty fast and that it did not appear to her that it was going to yield the right-of-way. She also admitted that she jockeyed for position at the merger of the two lanes of traffic.

". . . He slowed down. And then I started to take off because he had slowed down. Then he started to take off and then we did this, you know, two or three, I don't really know how many times. But we did it enough times I realized, that you know, you kind of played this game sometimes on the freeway."

Under the evidence presented, the jury was justified in finding that the plaintiff's conduct constituted contributory negligence, and that she could reasonably have anticipated and foreseen that a collision might have occurred as a natural and probable consequence of her acts. *Enloe v. Barfield*, 422 S.W.2d 905, 908 (Tex.1968). *Lumpkins v. Thompson*, 553 S.W.2d 949 (Tex.Civ.App.—Amarillo 1977). The jury's findings are not against the great weight and preponderance of the evidence.

The judgment of the trial court is affirmed.