**Ilse KLEIN et vir., Elgin Klein, Appellants,**

v.

**BROWN–GRIFFIN TEXACO DISTRIBU-TORS, INC., B. R. Griffin and Joe Dale Clary, Appellees.**

**No. 8831.**

Court of Civil Appeals of Texas, Amarillo.

Feb. 21, 1978.

Rehearing Denied March 20, 1978.

Mark Smith & Associates, Mark Smith, Lubbock, for appellants.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellees.

DODSON, Justice.

This is a common law negligence action for personal injury damages. Ilse Klein and husband Elgin Klein, plaintiffs-appellants, brought suit against Brown-Griffin Texaco Distributors, Inc., and Joe Dale Clary, defendants-appellees. The Kleins alleged that Mrs. Klein sustained personal injuries when her car was struck from the rear by a truck owned by the defendant corporation and driven by defendant Clary. The case was tried to a jury which found neither Mrs. Klein nor the defendants guilty of any negligence. On the jury's verdict, the trial court entered a take-noth-

ing judgment. From this adverse judgment, the Kleins appeal to this court. We affirm.

The collision occurred on the afternoon of May 9, 1972, as Mrs. Klein and defendant Clary were westbound on 34th Street in Lubbock, Texas. Mrs. Klein was in the outside (right) traffic lane traveling about 15 m. p. h. two or three car lengths behind another vehicle that had been signaling a right turn for several blocks with several opportunities to turn. Defendant Clary was traveling about 20 to 25 m. p. h. in the outside (right) traffic lane behind the Klein vehicle. The lead car's speed decreased almost to a stop as it very slowly made a right turn. The lead car's action surprised Mrs. Klein and she stopped her vehicle as quickly as she could to avoid colliding with it. Clary testified he saw the car in front of Mrs. Klein begin to turn and the brake lights on Mrs. Klein's car came on. He immediately applied his brakes and tried to stop. The truck skidded into the rear of Mrs. Klein's car and moved it a few feet after impact.

The jury did not find Clary negligent in failing to turn left, failing to keep a proper lookout or following too closely. Clary's failure to turn left was the only causation issue answered favorably to the Kleins. By eight points of error, they complain of the absence of favorable findings on the other issues.

The Kleins contend in point of error one "the evidence proves conclusively as a matter of law that defendant Clary was negligent in failing to turn to the left immediately before the occurrence" (special issue two) and in point of error two "the jury's finding . . . that defendant Clary's failure to turn to the left was not negligence is so against the great weight and preponderance of the evidence as to be manifestly unjust."

Their contentions are based in part on Clary's testimony when called as an adverse witness. Asked if there was "any way at all that you could have stopped in time to avoid her when you saw her stop," Clary replied, "Not unless I pulled to the left or pulled to the right." When asked why he did not pull to the left Clary responded, "Well . . . you just don't think that quick." When repeatedly asked if there was traffic in the lane to his left, Clary at first answered that the lane was open before reiterating that he did not think to look if it was open. The trial court granted the Kleins request for a trial amendment to their pleadings to include an allegation that Clary was negligent in failing to turn to the left.

■ Clary's testimony shows that the moment Mrs. Klein's brake lights came on he immediately stepped on his brakes to avoid the collision, and further indicates that he did not have time to see if he could turn left safely. He reacted immediately to attempt to avoid the collision. At best, he could have had but one of two choices: either to apply his brakes or turn his vehicle. The evidence does not establish that his reaction was wrong. The Kleins did not conclusively establish that the left lane was clear and open and that the collision could have been avoided by Clary turning to the left. Moreover, even if the left lane had been shown to be clear, Clary was not required to make a so-called correct choice between two equally reasonable alternatives for avoiding the collision. *See Flores v. Anaya*, 348 S.W.2d 410, 413 (Tex.Civ.App. —Austin 1961, writ ref'd n. r. e.).

■ We do not agree that the Kleins have conclusively established as a matter of law that Clary was negligent in failing to turn to the left to avoid the collision as contended in point of error one. In like manner, we cannot agree with their second contention that the jury's failure to find that Clary was negligent in failing to turn left was against the great weight and preponderance of the evidence. It was uniquely within the jury's province to determine whether plaintiff succeeded in proving negligence by a preponderance of the evidence. *City of Beaumont v. Graham*, 441 S.W.2d 829, 835 (Tex.1969). From these facts we cannot say the absence of a finding is manifestly unjust. *Traylor v. Goulding*, 497 S.W.2d 944 (Tex.1973). Points of error one and two are overruled.

In points three and five, respectively, the Kleins say they conclusively established as a matter of law that Clary negligently failed to keep a proper lookout and that this failure was a proximate cause of the collision. Also, they contend in points four and six that the jury's failure to find in their favor on these issues was so against the great weight and preponderance of the evidence as to be manifestly unjust.

■ The duty to maintain a proper lookout is determined by the circumstances of each case. *Hatcher v. Mewbourn,* 457 S.W.2d 151, 152–53 (Tex.Civ.App.—Texarkana 1970, writ ref'd n. r. e.). The Kleins assert that under the facts of this case they satisfied the burden of proving Clary's negligence in failing to maintain a proper lookout. They reason that by placing himself in a position where he could not stop without a collision, and by not determining whether an escape route was clear to his left, Clary did not keep a proper lookout.

Clary testified that he was watching straight ahead and saw both cars, saw the car in front of Mrs. Klein begin to turn, saw the brake lights on Mrs. Klein's car come on and as soon as the brake lights came on, he immediately applied his brakes and tried to stop. This uncontradicted testimony is more than ample evidence to justify the jury's answer that Clary did not fail to keep a proper lookout. We conclude the Kleins failed to conclusively establish Clary's negligence as a matter of law. In addition, it is clear that the jury's adverse answer was not against the great weight of the evidence.

Neither are we persuaded that the Kleins succeeded in establishing Clary's negligence in failing to look to determine if the left lane was clear and thus avoid Mrs. Klein's car. The testimony of Mrs. Klein reveals that there was traffic to her left. Clary did not know if there was traffic to his left although he had been checking his side and rear view mirrors frequently. It is not readily apparent whether a reasonably prudent driver in Clary's position would have been aware of both the danger immediately ahead of him and the status of traffic to his left at that moment. These facts create a jury question of whether there existed a duty to look to the left. *Compare, Hatcher v. Mewbourn, supra,* at 153, *with Oakley v. C. E. Duke's Wrecker Service,* 557 S.W.2d 810, 813 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). Therefore, the Kleins have not established Clary's negligence in failing to maintain a proper lookout to his left as a matter of law and the jury's adverse finding was not against the great weight and preponderance of the evidence. Points of error three and four are overruled and, absent negligence, we need not reach the questions of causation presented in points of error five and six.

In their final two points, the Kleins contend the jury's failure to find that Clary was negligent in following too closely (point seven) and that such negligence was a proximate cause of the collision (point eight) is, in each instance, so against the great weight and preponderance of the evidence as to be manifestly unjust.

Clary testified that when he saw Mrs. Klein's brake lights come on he was approximately 60 or 75 feet behind the car. His testimony established that his truck made 60 feet of skid marks before it hit Mrs. Klein's car. The Klein vehicle moved only a few feet after being struck by the Clary truck. The collision occurred approximately 20 feet east of the intersection where the lead vehicle turned right. Mrs. Klein testified she had to stop suddenly and quickly to avoid colliding with the slow turning lead vehicle. On cross-examination of Mrs. Klein, her previous deposition testimony was introduced into evidence. She was asked:

All right. And I take it from what you have told me if this man in front of you hadn't stopped and required you to stop, then in your opinion the accident probably wouldn't have happened—.

And what did you answer?

[She replied] I guess so.

■ The fact that a rear-end collision occurred does not establish negligence on the part of the driver of the following vehicle. *O'Neill v. Craig,* 493 S.W.2d 898, 901 (Tex.Civ.App.—Corpus Christi 1973, *cert.*

denied, 415 U.S. 919, 94 S.Ct. 1418, 39 L.Ed.2d 474 (1974)). Here, the occurrence of the collision presents no more than an issue of negligence for the trier of the facts. Clary's acts or omissions, if any, are tested by what a reasonable prudent person would have done or not done under the same or similar circumstances. The issue was properly for the jury.

The jury was not compelled to find negligence on the part of Clary. Under these facts we cannot say the jury's failure to find negligence was so against the great weight and preponderance of the evidence as to be manifestly wrong. The Kleins' seventh point of error is overruled, and in the absence of a negligence finding, we do not reach the causation point presented in the eighth point of error.

In conclusion, we have examined and considered all the evidence in this case, and we conclude that it does not conclusively establish, as a matter of law, that Joe Dale Clary was negligent in failing to turn his vehicle to the left immediately before the occurrence in question or in failing to keep a proper lookout.

Also, we have considered all the evidence, including that opposing as well as that favorable to the jury's verdict, to determine if each challenged answer is against the great weight and preponderance of the evidence. When so considered, we conclude the failure of the jury to find that Joe Dale Clary was negligent in failing to turn his vehicle to the left immediately before the occurrence in question, or its failure to find that Clary was negligent in failing to keep a proper lookout on the occasion in question, or its failure to find Clary was negligent in following too closely, in each instance, is not so against the great weight and preponderance of the evidence as to be manifestly unjust.

Points of error one, two, three, four and seven are overruled.

Accordingly, the judgment of the trial court is affirmed.