NO. 07-02-0073-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 6, 2003

_____

JOHNNIE WHINERY, ET UX. PAM WHINERY, APPELLANTS

V.

MISSION PETROLEUM CARRIERS, INC. AND MYRL DEAN MANN, APPELLEES

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 30,500; HONORABLE LEE WATERS, JUDGE

_____

Before JOHNSON, C.J. and REAVIS, J. and BOYD, S.J.[1]

**MEMORANDUM OPINION**[2]

Johnnie Whinery and Pam Whinery appeal from a judgment based on a jury verdict

that they take and recover nothing against Mission Petroleum Company, Inc. and Myrl

Dean Mann by their suit for personal injuries suffered by Whinery when the pickup he was

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2]Tex. R. App. P. 47.4.

driving was struck in the rear by a tractor trailer truck driven by Mann. Presenting three issues, they contend that (1) there was no evidence to support the jury verdict, (2) there was insufficient evidence to support the jury verdict, and (3) the jury verdict was so against the weight and preponderance of the evidence as to be manifestly wrong and unjust. Based on the rationale expressed herein, we affirm the judgment of the trial court.

Whinery was an employee of Leonard Hudson Drilling Company located on the west side of FM Road 282 (Price Road) in Pampa. While driving a company pickup to work on April 10, 1995, at about 7:10 a.m., Whinery was stopped to allow oncoming traffic to pass before he made a left turn into Hudson's driveway. About the same time, Mann, an employee of Mission Petroleum Company, was also driving a company truck north on Price Road; however, as discussed in detail below, the Mission truck rear-ended the Hudson pickup. At that time, Mann had 25 years experience as a full time truck driver who had driven three million miles without an accident. Whinery filed suit on April 4, 1997, and by his amended pleadings filed October 12, 2001, claimed the accident was caused because Mann:

- failed to control his speed so as to avoid colliding with the truck driven by Whinery, and such failure was negligence *per se*;
- followed more closely than a person using ordinary care would have done under the same or similar circumstances; failed to maintain an assured clear distance between the two vehicles and such conduct was negligence *per se*;
- failed to make timely application of his brakes;
- failed to keep a proper lookout; and

2

- failed to sound the truck's horn.

Notwithstanding the two claims of negligence *per se*, by question 1, the trial court submitted the question of negligence and proximate cause in one broad form as suggested by COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES–NEGLIGENCE PJC 4.1 (2000) without an instruction or request, for an instruction of negligence *per se* per PJC 5.1. Based upon the jury finding that the accident was not proximately caused by the negligence of either driver, the trial court rendered judgment that Whinery take nothing.

### Burden of Proof and Standard of Review

Before we consider Whinery's three issues, we first address the appropriate burden of proof and standard of review. Because the mere occurrence of a rear-end collision does not present evidence of negligence as a matter of law, Whinery had the burden to prove specific acts of negligence on the part of Mann and prove proximate cause. Gomez v. Adame, 940 S.W.2d 249, 251 (Tex.App.--San Antonio 1997, no writ); Weaver v. U.S. Testing Co., Inc., 886 S.W.2d 488, 490 (Tex.App.--Houston [1st Dist.] 1994, writ denied).

In Dow Chemical Co. v. Francis, 46 S.W.3d 237, 241-42, (Tex. 2001), the Court discussed the appropriate standards of review where, as here, the party attacking an adverse finding on an issue had the burden of proof. In summary the Court held:

3

> When a legal sufficiency issue is presented the complaining party must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. If there is no evidence to support the finding, then we will examine the entire record to determine if the contrary proposition is established as a matter of law and sustain the point only if the contrary proposition is conclusively established.

> When a factual sufficiency challenge is presented, the complaining party must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. Under this review, after considering and weighing all the evidence, we can set aside the verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.

*See also* Raw Hide Oil & Gas v. Maxus Exploration, 766 S.W.2d 264, 266 (Tex.App.--Amarillo 1988, writ denied), and Hall, *Standards of Review in Texas*, 34 St. Mary's L.J. 173-74. Because the issues presented require that we review the entire record, we will consider Whinery's three issues simultaneously.

Restated, Whinery contends there was no evidence to support the jury verdict, insufficient evidence to support the verdict, and the verdict is against the weight and preponderance of the evidence so as to be manifestly wrong and unjust. We disagree.

Witnesses described the two-way road, weather and road conditions at dawn on April 10, 1995, as being cold, misty/rainy and the black top pavement was wet. Lesher, a witness who was in the area at the time but did not see the accident, described the traffic as "all kinds of traffic going south and, I guess, going north, too, but–," then said that he

was uncertain about north bound traffic. According to Lesher and other witnesses at the time of the accident, cars were using their headlights and the Department of Public Safety Officer described the light conditions as "dawn." According to the evidence, several other businesses, in addition to Leonard Hudson Drilling, were located adjacent to Price Road with exits and entries and the posted speed limit was 40 m.p.h.

Whinery testified that as he was traveling north on Price Road, he intended to turn left across the south bound traffic lane into Hudson's driveway. According to Whinery, his headlights and left turn signal were on and he was stopped to allow the south bound traffic to pass when he was rear-ended by the truck driven by Mann. Mann, however, testified that he did not see any tail lights illuminated on the back of Whinery's pickup. Whinery testified that after receiving a citation, the tail lights were repaired a few weeks prior to the accident, and that before leaving for work every morning he looked to the rear to make sure the lights were operational. Another witness also claimed that the pickup was stopped waiting to make a left turn, but did not testify that Whinery's "stop lamps" were illuminated at the time of the accident. Although another witness who viewed the accident from the north testified that the head lights and left turn signal were working at the time of the accident, the witness was unable to see the rear of the pickup.

Mann estimated that his speed at the time of the accident was approximately 30 m.p.h. Although he saw oncoming traffic from the north, he did not see the truck until about 3 or 4 seconds before the accident and attempted to turn right to avoid hitting the

5

truck; however, the left part of his truck struck the right rear portion of Whinery's pickup. Photographs of the road depicted skid marks showing that Mann applied his brakes, but were not measured by the DPS officer.

DPS Trooper Jim Bishop arrived at the scene of the accident at 7:23 a.m. After interviewing Mann and investigating the scene and the pickup, he prepared a written report describing the weather as clear/cloudy and raining and the surface of the road as "wet." The report introduced by Whinery listed factors/conditions that "may" have contributed to the accident as (a)(22) Mann failed to control speed, and (b)(19) a distraction in vehicle; however, the written report did not designate (44) followed too closely, (60) speeding-unsafe (under limit), or (61) speeding over limit. According to Trooper Bishop, his reference to "distraction in vehicle" was based on Mann's recollection that he was adjusting the windshield wipers. As restated here, his narrative opinion of what happened was

> The pickup was traveling northbound in front of the truck. The pickup apparently attempted a left turn into the drive of a private business. The driver of the truck swerved right to avoid the pickup. The truck's left front drive wheel struck the right rear corner of the pickup. Driver of the truck did not see any lights on the pickup. The pickup continued north in the west ditch of FM 282 for approximately 0.1 mile and struck a telephone junction box and then struck a tree in front of another business office.

Although Whinery claimed that his pickip was stopped, according to the Trooper's report Whinery was "traveling in front of the truck" and "apparently attempted a left turn into the drive of a private business." The driver of the truck "swerved right to avoid" the pickup. On cross-examination of Trooper Bishop defense counsel asked:

6

Q:  Is it true what you told me was that when you arrived at the scene what your remembered was that there were no lights on Mr. Whinery's pickup and then you went down and checked them?

A:  Yes, sir.

During his examination, the Trooper said that he did not recall if Whinery did anything which contributed to the accident and did not recall if the tail lights on the pickup were defective; however, he did testify that had any defects been found, it should have been noted on his report.[3]

Citing Clark v. Waggoner, 452 S.W.2d 437 (Tex. 1970), Whinery argues that unless excused by some extenuating circumstances or condition, a driver whose vehicle strikes another vehicle which is lawfully stopped is guilty of negligence.  However, because *Clark* and the other cases cited therein were all decided before adoption of the broad form submission practice as provided by Rule 277 of the Texas Rules of Civil Procedure, they are of little assistance.  Moreover, in *Clark* the court did not hold as Whinery suggests, but only decided whether the foreseeability element of proximate cause was conclusively shown.

In Louisiana-Pacific Corp. v. Knighten, 976 S.W.2d 674, 675 (Tex. 1998) a multi-car rear-end collision accident based on a jury verdict that none of the drivers was negligent,

---

[3]We do not consider the inability of the Trooper and other witnesses to recall some matters to be unusual, but instead normal in view of the six-year lapse of time between the accident and trial.

the trial court rendered a take nothing judgment for the defendants. On discretionary review, the Court held that the rule which requires that a driver proceed *safely* imposes a duty of reasonable care; therefore, a negligence *per se* instruction was not necessary. Further, in accord with *Gomez*, 940 S.W.2d at 251 and *Weaver*, Inc., 886 S.W.2d at 490, in Klein v. Brown-Griffin Texaco Distributors, 562 S.W.2d 910, 912 (Tex.Civ.App.-- Amarillo 1978, writ ref'd n.r.e.), we held that the fact that a rear-end collision occurred did not establish negligence on the part of the driver of the following vehicle. Considering the weather, time of day, and road and traffic conditions, and because there was no evidence that Whinery's brake lights were working, and Mann's testimony that he did not see any lights on the back of the truck was uncontradicted, we conclude that Whinery did not demonstrate the vital facts necessary for recovery as a matter of law.

Although Whinery plead negligence *per se*, the trial court did not give such an instruction. The trial court did instruct the jury as follows:

> A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or hear the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts.

Notwithstanding this instruction, however, a vital fact necessary to support a legal element may not be established by "piling inference upon inference." Further, when circumstances are consistent with either of two facts and nothing shows that one is more probable than

the other, neither fact can be inferred. Roth v. FFP Operating Partners, 994 S.W.2d 190, 197 (Tex.App.–Amarlllo 1999, pet. denied).

Accordingly, we do not agree with Whinery's contentions that the evidence was insufficient to support the verdict and that the jury verdict was so against the weight and preponderance of the evidence as to be manifestly wrong and unjust. It was within the province of the jury to determine whether Whinery succeeded in proving negligence by a preponderance of the evidence. *Klein*, 562 S.W.2d at 911; *see also* Farley v. M M Cattle Company, 529 S.W.2d 751, 756 (Tex. 1975) (holding that "cause in fact of an injury has been said to be a particularly apt question for jury determination"). Considering the evidence that (a) traffic was heavy, (b) the weather was rainy and the road was wet, (c) the absence of any evidence that the tail lights or brake lights were operating on the pickup immediately before the accident, and (d) that Mann was operating the truck below the posted speed limit and other evidence and permissible inferences, we conclude the evidence is not so weak as to make the jury verdict so against the great weight and preponderance of the evidence as to be clearly wrong and unjust and decline to substitute our judgment for that of the jury. *Gomez*, 940 S.W.2d at 252. Accordingly, issues one, two, and three are overruled.

Following submission of this appeal, counsel for appellants presented the Court with compact discs of a power point presentation. Appellees filed an objection challenging the presentation on the ground that it was not part of the appellate record. Appellants

9

responded contending that the presentation was supplementation permitted by Rule 38.7 of the Texas Rules of Appellate Procedure.  However, Rule 38.7 permits amendment or supplementation of a brief, not the record, whenever justice requires.  We agree with appellees and decline to permit the power point presentation to be filed as part of the appellate record.

Accordingly, the judgment of the trial court is affirmed.

Don H.  Reavis
Justice