NO. 07-09-0077-CR
NO. 07-09-0078-CR
NO. 07-09-0079-CR
NO. 07-09-0080-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 13, 2009

______________________________


SYDNEY LYNN WEEKS,
                                                                                                 Appellant

v.

THE STATE OF TEXAS,
                                                                                                 Appellee

_________________________________

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NOS. 4088, 4089, 4090, 4091; HON. DAN MIKE BIRD, PRESIDING

_______________________________

On Abatement and Remand
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
            Pending before the court are the appeals of Sydney Lynn Weeks. The clerk’s
record in each case was filed on March 5, 2009. Contained therein is the Trial Court’s
Certification of Defendant’s Right of Appeal, which was executed on February 17, 2009,
after amendments to Rule 25.2(d) of the Texas Rules of Appellate Procedure became
effective on September 1, 2007. The form on file does not comply with the amendments to
the rule, which now require that a defendant sign the certification and receive a copy. 
Additionally, the new form provides certain admonishments to a defendant not previously
required.


 
           Procedural rules generally control litigation from their effective date. Wilson v. State,
473 S.W.2d 532, 535 (Tex.Crim.App. 1971). Consequently, we abate these appeals and
remand the causes to the trial court for further proceedings. Upon remand, the trial court
shall utilize whatever means necessary to determine if appellant desires to continue the
appeals and, if so, secure a proper Certification of Defendant’s Right of Appeal in
compliance with Rule 25.2(d). Once properly completed and executed, the certification shall
be included in a supplemental clerk’s record for each case. See Tex. R. App. P. 34.5(c)(2). 
The trial court shall cause these supplemental clerk's records to be filed with the Clerk of this
Court by April 13, 2009. This order constitutes notice to all parties, pursuant to Rule 37.1 of
the Texas Rules of Appellate Procedure, of the defective certification. If supplemental clerk’s
records containing a proper certification are not filed in accordance with this order, these
matters will be referred to the Court for dismissal. See Tex. R. App. P. 25.2(d). 
           It is so ordered.
 
                                                                      Per Curiam
Do not publish.



th in the west
ditch of FM 282 for approximately 0.1 mile and struck a telephone junction
box and then struck a tree in front of another business office.

 

 Although Whinery claimed that his pickip was stopped, according to the Trooper's
report Whinery was "traveling in front of the truck" and "apparently attempted a left turn into
the drive of a private business." The driver of the truck "swerved right to avoid" the pickup. 
On cross-examination of Trooper Bishop defense counsel asked:

 Q: Is it true what you told me was that when you arrived at the scene what
your remembered was that there were no lights on Mr. Whinery's pickup and
then you went down and checked them?


 A: Yes, sir. 



During his examination, the Trooper said that he did not recall if Whinery did anything
which contributed to the accident and did not recall if the tail lights on the pickup were
defective; however, he did testify that had any defects been found, it should have been
noted on his report. (3)

 Citing Clark v. Waggoner, 452 S.W.2d 437 (Tex. 1970), Whinery argues that unless
excused by some extenuating circumstances or condition, a driver whose vehicle strikes
another vehicle which is lawfully stopped is guilty of negligence. However, because Clark
and the other cases cited therein were all decided before adoption of the broad form
submission practice as provided by Rule 277 of the Texas Rules of Civil Procedure, they
are of little assistance. Moreover, in Clark the court did not hold as Whinery suggests, but
only decided whether the foreseeability element of proximate cause was conclusively
shown. 

 In Louisiana-Pacific Corp. v. Knighten, 976 S.W.2d 674, 675 (Tex. 1998) a multi-car
rear-end collision accident based on a jury verdict that none of the drivers was negligent, 
the trial court rendered a take nothing judgment for the defendants. On discretionary
review, the Court held that the rule which requires that a driver proceed safely imposes a
duty of reasonable care; therefore, a negligence per se instruction was not necessary.
Further, in accord with Gomez, 940 S.W.2d at 251 and Weaver, Inc., 886 S.W.2d at 490,
in Klein v. Brown-Griffin Texaco Distributors, 562 S.W.2d 910, 912 (Tex.Civ.App.-- Amarillo
1978, writ ref'd n.r.e.), we held that the fact that a rear-end collision occurred did not
establish negligence on the part of the driver of the following vehicle. Considering the
weather, time of day, and road and traffic conditions, and because there was no evidence
that Whinery's brake lights were working, and Mann's testimony that he did not see any
lights on the back of the truck was uncontradicted, we conclude that Whinery did not
demonstrate the vital facts necessary for recovery as a matter of law. 

 Although Whinery plead negligence per se, the trial court did not give such an
instruction. The trial court did instruct the jury as follows:

 A fact may be established by direct evidence or by circumstantial
evidence or both. A fact is established by direct evidence when proved by
documentary evidence or by witnesses who saw the act done or hear the
words spoken. A fact is established by circumstantial evidence when it may
be fairly and reasonably inferred from other facts.


Notwithstanding this instruction, however, a vital fact necessary to support a legal element
may not be established by "piling inference upon inference." Further, when circumstances
are consistent with either of two facts and nothing shows that one is more probable than
the other, neither fact can be inferred. Roth v. FFP Operating Partners, 994 S.W.2d 190, 
197 (Tex.App.--Amarlllo 1999, pet. denied). 

 Accordingly, we do not agree with Whinery's contentions that the evidence was
insufficient to support the verdict and that the jury verdict was so against the weight and
preponderance of the evidence as to be manifestly wrong and unjust. It was within the
province of the jury to determine whether Whinery succeeded in proving negligence by a
preponderance of the evidence. Klein, 562 S.W.2d at 911; see also Farley v. M M Cattle
Company, 529 S.W.2d 751, 756 (Tex. 1975) (holding that "cause in fact of an injury has
been said to be a particularly apt question for jury determination"). Considering the
evidence that (a) traffic was heavy, (b) the weather was rainy and the road was wet, (c) the
absence of any evidence that the tail lights or brake lights were operating on the pickup
immediately before the accident, and (d) that Mann was operating the truck below the
posted speed limit and other evidence and permissible inferences, we conclude the
evidence is not so weak as to make the jury verdict so against the great weight and
preponderance of the evidence as to be clearly wrong and unjust and decline to substitute
our judgment for that of the jury. Gomez, 940 S.W.2d at 252. Accordingly, issues one,
two, and three are overruled.

 Following submission of this appeal, counsel for appellants presented the Court with
compact discs of a power point presentation. Appellees filed an objection challenging the
presentation on the ground that it was not part of the appellate record. Appellants
responded contending that the presentation was supplementation permitted by Rule 38.7
of the Texas Rules of Appellate Procedure. However, Rule 38.7 permits amendment or
supplementation of a brief, not the record, whenever justice requires. We agree with
appellees and decline to permit the power point presentation to be filed as part of the
appellate record. 

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Tex. R. App. P. 47.4.
3. We do not consider the inability of the Trooper and other witnesses to recall some
matters to be unusual, but instead normal in view of the six-year lapse of time between the
accident and trial.