Affirmed and Memorandum Opinion filed June 18, 2009








Affirmed and Memorandum Opinion filed June 18, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO.  14-07-00850-CV

____________

 

JED GASKEY, INDIVIDUALLY AS AND
NEXT FRIEND OF CASSANDRA GASKEY, AND CASSANDRA GASKEY, Appellants

 

V.

 

ONE SOURCE SECURITY AND FOUND,
a/k/a ONE SOURCE SECURITY AND SOUND, AND STEVEN GREEN SMITH, Appellees

 



 

On Appeal from the 334th
District Court

Harris County, Texas

Trial Court Cause No.  2004-60994

 



 

M E M O R A N D U M   O P I N I O N

Appellant Jed Gaskey, individually and as next friend of
his daughter Cassandra Gaskey, appeals from the trial court=s denial of his
motion for new trial after a jury=s verdict against
him.  Gaskey contends that the trial court erred in denying him a new trial
because (1) the jury=s verdict was against the great weight of
the evidence, and (2) the evidence supporting the jury=s verdict was
legally insufficient.  We affirm.

 








Facts

On October 30, 2002, Cassandra Gaskey, a fourteen-year-old
student at Tomball Junior High School, was riding home from school on a bus
operated by the Tomball Independent School District.  As the school bus stopped
at an intersection, a Ford F-150 pickup struck it from the rear.  Appellee
Steven Green Smith was driving the truck, which was owned by appellee One
Source Security and Sound (AOne Source@).[1] 
After the collision, Cassandra was taken to an area hospital, treated, and
released to her father.   Later she saw a series of doctors concerning neck
pain and other health problems she claims resulted from the collision.

In October 2004, Jed sued One Source, its owner C.T. Ashby,
and Smith, seeking compensation for Cassandra=s injuries
resulting from the collision.  His claims included allegations of both
negligence and gross negligence against Smith, and negligent entrustment
against One Source and Ashby.  In August 2006, Jed added the school district as
a defendant, alleging that it had negligently entrusted its bus to driver
Elaine Overturff.  In September 2006, Jed non-suited Ashby.  

The case was tried to a jury in June 2007.  During the
trial, Jed agreed to non-suit Smith in return for One Source=s stipulation that
he was acting in the course and scope of his employment at the time of the
collision.  The jury returned a verdict in favor of the appellees and Tomball
I.S.D.  Jed filed a motion for new trial.  The trial court denied Jed=s motion, and this
appeal followed. 

 

 








Analysis

Jed Gaskey contends that the trial court erred in denying
him a new trial because (1) the jury=s verdict was
against the great weight of the evidence, and (2) the jury=s verdict was
supported by legally insufficient evidence.  

To prove negligence, a plaintiff must establish a duty, a
breach of that duty, and damages proximately caused by the breach.  Kroger
Co. v. Elwood, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam).  Proof that the
defendant=s vehicle rear-ended the plaintiff=s vehicle does not
establish negligence as a matter of law.  Smith v. Cent. Freight Lines, Inc.,
774 S.W.2d 411, 412 (Tex. App.CHouston [14th Dist.] 1989, writ denied); Till
v.  Thomas, 10 S.W.3d 730, 733 (Tex. App.CHouston [1st
Dist.] 1999, no pet.).  The plaintiff still must prove both specific acts of
negligence on the part of the defendant and that the negligence proximately
caused the plaintiff=s damages.  Cent. Freight Lines,
774 S.W.2d at 412; Till, 10 S.W.3d at 733. 

The jury charge in this case contained the following
question:

Did the negligence, if any, of the persons named
below proximately cause the injury in question?

 

Answer AYes@ or ANo@ for each of the following:

Steven Smith          ________

Elaine Overturff      ________

 

The jury answered ANo@ for both Smith
and Overturff.  Jed insists that the evidence requires a negligence finding
against at least one of the two drivers.  

A.      Legal
Sufficiency








The test for legal sufficiency is whether the evidence at
trial Awould enable
reasonable and fair‑minded people to reach the verdict under review.@ City of Keller
v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005); 7979 Airport Garage, L.L.C.
v.  Dollar Rent A Car Sys., Inc., 245 S.W.3d 488, 499 (Tex.  App.CHouston [14th
Dist.] 2007, pet. denied).  In making this determination, we must view the
evidence in the light most favorable to the verdict, crediting any favorable
evidence if a reasonable fact‑finder could and disregarding any contrary
evidence unless a reasonable fact‑finder could not.  City of Keller,
168 S.W.3d at  827. We assume jurors made all inferences in favor of their
verdict if reasonable minds could, and disregard all other inferences.  Id.
at 821.  We cannot substitute our judgment for that of the jury, so long as the
evidence falls within the zone of reasonable disagreement.  See id. at
822.  We will sustain a legal-sufficiency challenge only when (1) the record
discloses the complete absence of a vital fact, (2) the court is barred by
rules of law or evidence from giving weight to the only evidence offered to
prove a vital fact, (3) the only evidence offered to prove a vital fact is no
more than a mere scintilla, or (4) the evidence conclusively establishes the
opposite of a vital fact.  Id. at 810. 

Jed=s legal-sufficiency challenge rests on his
contention that Athe evidence conclusively proves, as a
matter of law, that Smith was negligent to some degree.@  Specifically,
Jed states that several statements Smith made during his trial testimony
qualify as judicial admissions, compelling a jury finding that Smith was
negligent as a matter of law.  A judicial admission is a formal waiver of proof
that usually arises in the pleadings or a stipulation of the parties. Mendoza
v. Fid. & Guar. Ins. Underwriters, Inc., 606 S.W.2d 692, 694 (Tex.
1980).  Such an admission is conclusive upon the party making it, relieves the
opposing party=s burden of proving the admitted fact, and bars the
admitting party from disputing it.  Id.   








Similarly, a party=s testimonial
declarations which are contrary to his position are quasi‑admissions.  Id. 
They are merely some evidence, and they are not conclusive upon the admitter.  Id. 
The trier of fact determines the weight to be given such admissions.  Id. 
But as a matter of public policy, a party=s testimonial
quasi‑admission will serve as a judicial admission if it appears that:
(1) the declaration was made during the course of a judicial proceeding; (2)
the statement is contrary to an essential fact embraced in the theory of
recovery or defense asserted by the person giving the testimony; (3) the
statement is deliberate, clear, and unequivocal; (4) the giving of conclusive
effect to the declaration will be consistent with the public policy upon which
the rule is based; and (5) the statement is not also destructive of the
opposing party=s theory of recovery.  Id.  The public policy
underlying this rule is that it would be unjust to permit a party to prevail at
trial after contradicting his theory of recovery or defense by clear,
unequivocal testimony.  Id.  

Jed contends that Smith=s trial testimony
contained judicial admissions that: (1) he could have prevented the accident;
(2) he was partly at fault; and (3) he hit the bus because he was following it
too closely.  During his testimony, Smith agreed with Jed=s trial counsel
that the accident Acould have been avoided if [he had been]
traveling slower and farther back from the bus.@  He also
testified, AI was traveling a little too close, I guess,@ and AI think it was
probably joint at fault.@  These statements appear to contradict
Smith=s defense that he
was not negligent.  But Smith also testified repeatedly that he was not
speeding or in a hurry, and that he wasn=t Atailgating the
bus.@  Instead, Smith
maintained that he had been traveling at about Athree car-lengths@ behind the bus. 
He also testified that the bus stopped suddenly and unexpectedly.  When we
look, as we should, at the context and totality of the statements Jed labels as
judicial admissions, we cannot say that they were deliberate, clear, and
unequivocally contrary to his defense.[2] 
See id.








As Jed is attacking the legal sufficiency of an adverse
finding on an issue for which he had the burden of proof, he must demonstrate
on appeal that the evidence conclusively establishes all vital facts in support
of the issue.  Dow Chemical Co. v. Francis, 46 S.W.3d 237, 241 (Tex.
2001); French v. Moore, 169 S.W.3d 1, 15 (Tex. App.CHouston [1st
Dist.] 2004, no pet.).  Because he has not established that Smith=s testimony
included judicial admissions, his legal-sufficiency argument fails.  We
overrule the first issue.

B.  Factual Sufficiency

In his second issue, Jed contends the trial court erred by
overruling his motion for new trial because the verdict was against the great
weight of the evidence.  When considering a factual-sufficiency challenge to a
jury=s verdict, we must
review and weigh all the evidence, not just the evidence that supports the
verdict.  Mar. Overseas Corp. v. Ellis, 971 S.W.2d 402, 406B07 (Tex. 1998); 7979
Airport Garage, L.L.C., 245 S.W.3d at 499.  After considering and weighing
all the evidence, we set aside the fact finding only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust.  See
Mar. Overseas Corp., 971 S.W.2d at 407; 7979 Airport Garage, L.L.C.,
245 S.W.3d at 499.  We may not simply substitute our judgment for that of the
jury; the jury is the sole judge of the credibility of witnesses and the weight
to be given their testimony.  Golden Eagle Archery, Inc. v. Jackson, 116
S.W.3d 757, 761 (Tex. 2003); Praise Tabernacle Outreach & Family Worship
Ctr. v. Restoration Fin. Group, Inc., No. 14‑06‑01055‑CV,
2008 WL 2884601, at *9 (Tex. App.CHouston [14th
Dist.] July 29, 2008, no pet.) (mem. op.).








Jed asserts that it is undisputed that Smith was operating
his truck behind the school bus on a clear day, and that, at some point, Smith=s truck struck the
bus from behind.  It necessarily follows, Jed contends, that either the bus
driver was negligent in stopping too suddenly, or that Smith was negligent in
failing to stop before colliding with the rear of the bus.  The option that Jed
excludes is that the jury may have simply believed he failed to prove by a
preponderance of the evidence that either driver was negligent.  See Klein
v. Brown-Griffin Texaco Distribs., Inc., 562 S.W.2d 910, 911 (Tex. Civ.
App.CAmarillo 1978,
writ ref=d n.r.e.) (stating
that in a rear-end collision, A[i]t was uniquely within the jury=s province to
determine whether plaintiff succeeded in proving negligence by a preponderance
of the evidence@).  The mere occurrence of a rear-end
accident does not establish negligence as a matter of law.  Id. at 912; Cent.
Freight Lines, 774 S.W.2d at 412.  And it is neither impossible nor
automatically invalid for a jury to determine that neither driver in a rear-end
accident committed negligence.  See, e.g., Ordonez v. M.W. McCurdy &
Co., Inc., 984 S.W.2d 264, 271 (Tex. App.CHouston [1st
Dist.] 1998, no pet.); Cent. Freight Lines, 774 S.W.2d at 414; Page
v. Pete Singh Produce, Inc., 624 S.W.2d 674, 675 (Tex. App.CEl Paso 1981, writ
ref=d n.r.e.);
Klein, 562 S.W.2d at 911B13.

Smith testified that before the collision, he was traveling
about three car-lengths behind the bus at about 35 miles per hour, well below
the posted limit of 50.  He believed he had left enough space between himself
and the bus, and did not feel that he was tailgating it.  Overturff, the bus
driver, testified that Smith was about three seconds behind her.  Smith
testified that when the light at the intersection turned yellow, he believed
the bus was going to go through it, but instead it came to a sudden and
unexpected stop.  Smith also testified that he thought he and Overturff were Ajoint[ly] at
fault,@ that he was
following Aa little too close,@ and that he could
have avoided the accident had he not been following so closely.

Jed offered evidence that the investigating officer found
the cause of the accident to be Smith=s failure to
control his speed, that Smith=s tires left skid marks but the bus=s did not, that
the bus stopped before entering the intersection and that the vehicle traveling
behind Smith=s truck did not rear-end it when Smith stopped.  

Smith impeached Cassandra at trial with her deposition
testimony that Overturff had tried to run a red light, but thought better of it
and stopped quickly.  Smith also pointed out to the jury that Cassandra told
Dr. Stephen Esses, her treating physician:  Athe bus driver
tried to run a red light, and I was pushed forward in my seat.@  She did not
mention Smith rear-ending the bus to Dr. Esses.








Central Freight Lines is particularly instructive in
evaluating Jed=s factual-sufficiency argument.  In that case, also
arising from a rear-end collision, the plaintiff claimedCjust as Jed does
in this caseCthat the rear-ending vehicle Awas following too
closely.@  774 S.W.2d at
412.  And the defendant in Central Freight Lines, just like Smith does
in this case, contended that the rear-ended vehicle had stopped suddenly.  Id.
at 413.  But there was conflicting evidence in Central Freight Lines,
just as there is this case, on these issues and others.  Id. at 414.  In
the face of such conflicting evidence, the court in Central Freight Lines determined
that it must defer to the jury, Athe sole judge of
the credibility of the witnesses and the weight to be given their testimony.@  Id. at
414.  

Jed points us to four cases in which the court of appeals
determined that a jury=s failure to find the defendant negligent
in an automobile collision was against the great weight of the evidence.[3] 
Chumley v. Barhorst, No. 01-03-01342-CV, 2005 WL 856887 (Tex. App.CHouston [1st
Dist.] Apr. 14, 2005, no pet.) (mem. op.); Hardy v. Bianchi, No.
09-00-121-CV, 2000 WL 1677943 (Tex. App.CBeaumont Nov. 9,
2000, no pet.) (per curiam) (not designated for publication); Moore v. State
Farm Mut.  Auto. Ins. Co., 792 S.W.2d 818 (Tex. App.CHouston [1st
Dist.] 1990, no writ); Priest v. Myers, 598 S.W.2d 359 (Tex. Civ. App.CHouston [14th
Dist.] 1980, no writ).  But in none of these cases was there any allegation
that the accident was caused by anything other than a single defendant=s negligence.  The
juries in these cases did not face what the juries in Central Freight Lines and
this case facedCconflicting evidence about whether the
accident was caused by one driver as opposed to the other.  When so faced,
nothing prohibits a jury from deciding that the plaintiff had failed to prove
by a preponderance of the evidence that either driver was negligent.  See
Klein, 562 S.W.2d at 911.








Because we may not substitute our own judgment for that of
the trier of fact, even if a different answer could be reached on the evidence,
Mayes v. Stewart, 11 S.W.3d 440, 451 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied), we do the same in this case as the court did in Central
Freight Lines.  AAfter reviewing the evidence in accordance
with the standards previously set forth,@ we find it
factually sufficient to support the jury=s findings.  Cent.
Freight Lines, 774 S.W.2d at 415.

We cannot say, having considered and weighed the complete
record in this case, that the jury=s verdict was so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  See Mar. Overseas Corp., 971 S.W.2d at 407; 7979 Airport
Garage, L.L.C., 245 S.W.3d at 499.  The trial court did not err in denying
Jed=s motion for new
trial.  We overrule Jed=s second issue, and affirm the judgment.

 

 

 

/s/      Jeff Brown

Justice

 

 

 

 

Panel consists of Chief Justice Hedges and
Justices Guzman and Brown.









[1]  Smith=s
employer is referred to as AOne Source
Security and Found@ in the case style of the Gaskeys= amended petition, the trial court=s final judgment, the Gaskeys= motion for new trial, and in both parties= briefs on appeal.  But the same party is referred to
as AOne Source Security and Sound@ in the case style on the notice of appeal, and in the
AIdentification of Parties and Counsel@ in the appellees=
brief.  We interpret this distinction as merely a typographical error that was
uncorrected throughout most of the record, until the notice of appeal. 





[2]  In pressing this issue, Jed relies on Phillips v. Bramlett, 258
S.W.3d 158 (Tex. App.CAmarillo 2007), rev=d on other grounds, 52 Tex. Sup. Ct. J. 422, 2009 WL
567889 (Tex. Mar. 6, 2009).  In Phillips, the court highlighted the fact
that because the defendant-witness made the same admission twice, there was no
chance that it was just an inadvertent slip of the tongue.  Id. at 168. 
But in this case, instead of reconfirming the alleged admissions, Smith
contradicted some and qualified others.  





[3]  We have reviewed each of the cases the parties have
cited to us in spite of the perhaps wise advice of then Chief Justice Tunks of
this court that A[i]n automobile collision cases a review of other
opinions usually is of little help in determining the issues of liability@ because A[t]he
facts of each case are different from those of any other case.@  Jordan v. Walker, 448 S.W.2d 837, 842 (Tex.
Civ. App.CHouston [14th Dist.] 1969,
writ ref=d n.r.e.).