**Affirmed and Memorandum Opinion filed February 10, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00638-CV

---

### VINCENT T. LADAY, Appellant

### V.

### GILBERTO G. PEDRAZA, Appellee

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-49767**

---

### M E M O R A N D U M   O P I N I O N

In this personal injury case, appellant, Vincent T. Laday, appeals the trial court's take-nothing judgment rendered against him. In two issues, Laday challenges the legal and factual sufficiency of the evidence supporting the judgment. We affirm.

### I. BACKGROUND

At approximately 7:30 p.m. after work, Laday was driving his pickup truck

on Will Clayton Drive in Humble, Texas. The traffic was heavy, and it was raining. Laday testified that he had come to a stop for a traffic light. A car ahead of Laday had also stopped. Appellee, Gilbert G. Pedraza, also driving a pickup truck, attempted to stop for the light. His vehicle struck Laday's from behind and Laday claimed injuries. At trial, the jury answered "no" to the question inquiring whether Pedraza's negligence caused the occurrence. The jury did not reach the damages question. The trial court signed a take-nothing judgment in conformity with the jury's verdict. Laday appeals.

## II. ANALYSIS

In two issues, Laday contends the evidence was legally and factually insufficient to support the jury's "no" answer to the negligence question.

To prove negligence, a plaintiff must establish duty, breach of that duty, and damages proximately caused by the breach. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam). Negligence is not established as a matter of law merely because the defendant's vehicle rear-ended the vehicle driven by the plaintiff. *See Gaskey v. One Source Sec. and Found*, No. 14-07-00850, 2009 WL 7047692, at *1 (Tex. App.—Houston [14th Dist.] Jun. 18, 2009, no pet.) (mem. op.) (citing *Smith v. Cent. Freight Lines, Inc.*, 774 S.W.2d 411, 412 (Tex. App.— Houston [14th Dist.] 1989, writ denied)). Rather, the plaintiff must prove that the defendant's specific acts were negligent, and that they proximately caused the plaintiff's damages. *See Cent. Freight*, 774 S.W.2d at 412. Whether a rear-end collision resulted from negligence depends on all the facts and circumstances of the particular case. *See Pearson v. DeBoer*, 99 S.W.3d 273, 276 (Tex. App.— Corpus Christi 2003, no pet.)

The test for legal sufficiency is whether the evidence at trial "would enable reasonable and fair-minded people to reach the verdict under review." *City of*

*Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We must view the evidence in the light most favorable to the verdict, crediting any favorable evidence if a reasonable fact-finder could and disregarding any contrary evidence unless a reasonable fact-finder could not. *City of Keller*, 168 S.W.3d at 827. We assume jurors made all inferences in favor of their verdict if reasonable minds could, and disregard al other inferences. *Id*. at 821. We cannot substitute our judgment for that of the jury, so long as the evidence falls within the zone of reasonable disagreement. *See id*. at 822. As the party with the burden of proof, Laday must conclusively demonstrate all vital facts in support of the issue such that the evidence conclusively demonstrates the opposite of the jury's finding. *See Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

In his legal-sufficiency challenge, Laday contends that Pedraza admitted he caused the collision and some injury to Laday, contesting only the extent of the injuries, and that all elements of negligence were established without contradiction. Laday also suggests that various statements by Pedraza qualified as judicial admissions, which compelled a jury finding that Pedraza was negligent as a matter of law. A judicial admission is a formal waiver of proof that usually arises in the pleadings or a stipulation of the parties. *See Gaskey*, 2009 WL 7047692, at *2 (citing *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980)). An admission relieves the opposing party's burden to prove an admitted fact. *Id*. Further, to the extent Pedraza's testimony was contrary to his position, they were quasi-admissions. *Id*. While they may have constituted some evidence, they were not conclusive on Pedraza. *Id*. Only the jury determines the weight of the alleged admissions. *Id*.

Laday asserts Pedraza's testimony, including his admissions, established Pedraza was at fault and his actions caused the collision. Pedraza admitted on

cross-examination that the collision occurred when he failed to control the speed of his vehicle under the conditions. However, Pedraza also testified that there was heavy traffic in the area, and cars were stopping and starting as they approached the light. Additionally, Pedraza testified the roads were wet, he was approximately 20 feet behind Laday's vehicle when he started braking, and he was traveling only 10-15 miles per hour (below the posted speed limit of 35) when he slid into Laday's bumper. Pedraza also testified Laday did not appear to be injured at the scene.

Laday testified the accident caused his vehicle to hit the car front of him, and the driver of that car exited his vehicle, but did not follow Laday and Pedraza to the gas station where Laday and Pedraza discussed the collision. Further, Laday testified he had been injured in a prior accident and had obtained disability license plates, which require the note of a physician to document the disability. Laday also told the jury that Pedraza said "I'm sorry" after the accident; however, in his deposition, Laday did not mention Pedraza's alleged statement.

Laday had the burden of proving Pedraza was negligent and that his negligence was a proximate cause of the occurrence. *See Kroger*, 197 S.W.3d at 794. When we view the totality of the testimony, we conclude that Laday has not demonstrated the evidence conclusively established all vital facts in support of the negligence finding. *See Dow Chemical*, 46 S.W.3d at 241; *see also Briones v. Sharkey*, No. 04-11-00584-CV, 2012 WL 3776488, at *6 (Tex. App.—San Antonio, Aug. 31. 2012, no pet.) (mem. op.) (holding jury could determine the evidence did not prove negligence where there was an attack on plaintiff's veracity); *Benavente v. Granger*, 312 S.W.3d 745, 748–49 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (concluding negligence not established even though driver testified he was at fault when he rear-ended vehicle because driver further

4

testified he was driving more slowly than surrounding traffic); *Jordan v. Sava, Inc.*, 222 S.W.3d 840 (Tex. App.—Houston [1st. Dist.] 2007, no pet.) (concluding jury's "no" answer to negligence question upheld where there was no evidence driver was speeding and driver testified he was traveling at the same speed as general traffic). We overrule appellant's first issue.

In his second issue, Laday contends the evidence is factually insufficient to support the final judgment. When considering a factual-sufficiency challenge to a jury's verdict, we must review and weigh all the evidence, not just the evidence supporting the verdict. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998). When the appellant bears the burden of proof at trial, we set aside a fact finding only if it is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See Mar. Overseas Corp.*, 971 S.W.2d at 407. As with a legal-sufficiency challenge, we may not substitute our judgment for that of the jury. *Id.* The jury is the sole arbiter of the credibility of the witnesses and the weight to be given their testimony. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757 (Tex. 2003).

Laday asserts he established that Pedraza was operating the truck, Pedraza's truck was following him, and Pedraza rear-ended Laday's vehicle. Pedraza testified the vehicles were about halfway between intersections, and the vehicles "kept going stopping and going and stopping" and "on one of those times we went, he [Laday] stopped and I failed to stop on time . . . it was an accident." Laday testified he did not see Pedraza's truck before Laday was hit, and Laday did not hear brakes or tires squealing prior to the collision.

It is "uniquely within the jury's province to determine whether plaintiff succeeded in proving negligence by a preponderance of the evidence." *See Gaskey*, 2009 WL 7047692, at *3 (citing *Klein v. Brown-Griffin Texas Distribs.,*

5

*Inc.*, 562 S.W.2d 910, 911 (Tex. Civ. App.—Amarillo 1978, writ ref'd n.r.e.)); *see also Whinery v. Mission Petroleum Carriers, Inc.*, No. 07-02-0073, 2003 WL 255398, at *3–5 (Tex. App.—Amarillo Apr. 30, 2003, pet. denied) (mem. op.) (concluding finding was not against the great weight and preponderance where driver was operating vehicle below posted speed limit on wet roads and in heavy traffic).

Having considered the record, we cannot conclude that the jury's verdict was so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Mar. Overseas Corp.*, 971 S.W.2d at 407. We overrule appellant's second issue.

We affirm the trial court's judgment.

/s/ John Donovan
   Justice

Panel consists of Justices Boyce, Jamison, and Donovan.